BRUNER and Others *v.* MANVILLE and Others.

A person against whom suits were depending for *bona fide* debts, confessed a judgment in favour of another, without consideration, to defraud his creditors. The debtor's real estate was purchased, under an execution on this judgment, by the judgment-creditor. Judgments were afterwards obtained, by the *bona fide* creditors, in their respective suits, and executions issued thereon and returned "no property found." The Court, on a bill filed by the *bona fide* creditors, set aside the fraudulent judgment, execution, and sale, and ordered the land to be sold to satisfy the complainants' demands.

M‘KINNEY, J.—Suit in chancery, certified from the *Knox* Circuit Court, prior to a decree, the President Judge having been of counsel for one of the parties.

*Thursday,
November 24.*

The bill is filed by *Bruner* in behalf of himself and *Clark* and *Graeter*, judgment-creditors of *Charles Allen*, deceased. It charges that *Charles Allen*, without consideration and to defraud his creditors, on the 27th of *September*, 1824, in the *Knox* Circuit Court, confessed judgment in favour of *Charles Manville* for the sum of 3,013 dollars and 50 cents; that execution was sued out on the succeeding day, and levied on all the real and personal estate of the defendant *Allen;* that it was sold, the former being 600 acres of land, for 305 dollars, and the latter for 277 dollars and 12½ cents; that it was all purchased by the said *Charles Manville;* that the execution issued and the sale was made fraudulently, by agreement between the parties, to defraud the creditors of *Allen.* The death of *Allen*, and the grant of administration on his estate to *Charles Manville*, on the 7th of *May*, 1825, are stated. It further charges, that the complainant and the other judgment-creditors respectively recovered, in the *Knox* Circuit Court, judgments against the said *Charles Manville*, administrator of *Charles Allen*, deceased—the complainant, on the 23d of *March*, 1827, for 246 dollars and 50 cents—the said *Clark*, on the 22d of *August*, 1826, for 168 dollars and 50 cents—and the said *Graeter*, on the 20th of *March*, 1827; that executions on said judgments were issued on the 9th of *April*, 1827, and each returned "no property found;" that said judgments are unpaid, and there is no property of the said *Allen* by which they can be satisfied. The death of *Charles Manville* is also charged, and the grant

*Nov. Term,*
*1831.*

BRUNER
v.
MANVILLE.

of administration on his estate to *Eli Manville,* one of the defendants. The heirs of *Charles Allen* and of *Charles Manville,* and the administrator of the latter, are made defendants. It prays, 1st, an injunction to restrain the administrator, *Eli Manville,* from procuring an order to sell the land described in it; and 2dly, that the judgment confessed by *Charles Allen* in favour of *Charles Manville* be set aside, and that the land purchased by said *Charles Manville* be subjected to the judgments in favour of the complainants.

The bill was taken as confessed against the administrator for want of an answer, and answered by the guardians ad litem of the heirs, and by *Wilkins* and his wife *Sarah,* late *Sarah Manville.* Its allegations are not denied, but proof required. The testimony fully supports the charges in the bill. The avowed object of the parties was to protect the property of *Allen* from the claims of his creditors. Suits instituted by the complainants were pending at the term the judgment was confessed. The law permits a debtor to prefer one creditor to another, but this must be done *bona fide.* The vested rights of others cannot be affected. *M·Menomy* v. *Roosevelt,* 3 Johns. Ch. Rep. 446. If *Allen* had been indebted to *Manville* to the amount of the debt, the judgment would have been valid. The testimony shows the contrary. Shall this judgment then operate to the prejudice of *Allen's* creditors? We think not. The fraud with which it is tainted avoids it. The complainants have used the proper diligence. They are entitled to relief. It is well settled that equity will relieve against judgments obtained by fraud. *Reigal* v. *Wood,* 1 Johns. Ch. Rep. 402.—1 Madd. Ch. Rep. 236. The judgment thus confessed is void. It created no valid lien upon the land of *Allen.* The title of the purchaser, himself a party to the fraud, cannot be sustained. *Livingston* v. *Hubbs and others,* 2 Johns. Ch. Rep. 512.

*Per Curiam.*—It is decreed, &c. that the judgment confessed, &c., the execution, sale, sheriff's deed, &c., are fraudulent and void, &c.; and that the land be sold, &c. to satisfy the complainants, &c.

*Judah,* for the complainants.
*Kinney,* for the defendants.