ALBANY,
Aug. 1833.

Butler
v.
King.

August 8.

The motion was granted.

---

BUTLER and others *vs.* KING.

When a default is suffered, the defendant, in addition to the usual terms which a plaintiff may impose, may be required to accept short notice of trial; and if he refuses to do so, unless he shows that he had not time to prepare for his defence, he will not be relieved, though he swears to merits.

August 8.

THE defendant's default for not pleading having been duly entered on the 17th June, and on the 21st June notice of executing a writ of inquiry having been served, the defendant, on the 22d June, filed an affidavit of merits, offered to pay the costs of the default, and tendered a plea of the general issue to the plaintiff's attorney, who refused to receive it, unless the defendant would accept short notice of trial for the circuit in the county where the venue was laid, to be holden on the 29th day of June; and, in case such notice was accepted, he engaged that the cause should not be brought on to trial until the *third* or *fourth* day of the circuit. The defendant refused to accede to these propositions, and the plaintiffs went on and

executed a writ of inquiry, on which judgment was entered on the 10th day of July. The defendant moved to set aside the proceedings.

*By the Court*, SUTHERLAND, J. The defendant should have accepted short notice of trial; there were seven days before the circuit when the plea was tendered, and the plaintiff's attorney offered to stipulate that the cause should not be brought on to trial until the third or fourth day of the circuit. Even now it is not alleged that the defendant had not time to prepare for his defence. He might have had a trial on the merits, or have attended the execution of the writ of inquiry; having done neither, he is not entitled to relief. The motion is denied, with costs.