## Peter Cagger vs. William S. Gardner.

Where a party moves on a *mere irregularity*, he must be held to the rule strictly, and move the first opportunity, or he will be too late.

*Motion by defendant to set aside judgment for irregularity.*—Action brought against Peter Comstock as maker, and defendant as endorser,

of a promissory note ; Gardner the defendant only, was served with a declaration.   At the last January (Albany), circuit, the cause entitled " Peter Cagger vs. Peter Comstock and William S. Gardner" was noticed for trial; Gardner only appeared on the trial; a verdict was taken against him for $2454·04, and the damages assessed against Peter Comstock for the same amount.   E. Clark, Esq., one of defendant's attorneys being present at the trial.   Cagger, the plaintiff, and one of plaintiff's attorneys supposed that Comstock had been served with a declaration, and his default entered when he procured the assessment of damages against him; he afterwards, on the 11th of February, informed defendant's attorney Clark, that he waived the verdict as against Comstock; and at the same time served Clark with a copy of the bill of costs and notice of retaxation entitled against Gardner separately.   Judgment was entered against Gardner only, and execution issued on the 14th March last.

    E. Clark, *Defts Counsel.*        Clark and Pattison, *Defts Attys.*
    C. Stevens, *Plffs Counsel.*        Cagger and Stevens, *Plffs Attys.*

Bronson, Chief Justice.—The defendant has no merits; but moves on the sole ground of irregularity.   In such cases, the rule is, that the party must move at the first opportunity, or he will be too late.   Here the defendant's attorneys knew of the irregularity on the 11th of February— three full weeks before the March special term, at which time he should have moved.

    *Decision.*—Motion denied, with $7 costs of opposing.