Guesdorf v. Gleason.

---

## GUESDORF v. GLEASON.

1. CERTIFICATE. Under section 2439 of the Code of 1851, the authentication of a transcript of a judgment rendered by a justice of the peace in another state, should, to be admissible in evidence in the courts of this State, show that the justice was, at the time of the rendering of the judgment, a justice of the county of which the officer making the certificate is clerk; also, that he was an acting justice of the peace at the time the transcript purports to have been certified by him.

2. SAME. A transcript, defective in its authentication, is not admissible in evidence, coupled with another transcript of the same judgment, in which the authentication is correct as to the defect in the first, but which is defective in other respects. LOWE, C. J., dissenting.

*Appeal from Delaware District Court.*

THURSDAY, JUNE 28.

PLAINTIFF declares upon a judgment recovered before a justice of the peace, in the State of Ohio. The questions made, as will appear from the opinion, relate to the sufficiency of the authentications of the transcripts of said judgment. Judgment for defendant, and plaintiff appeals.

*House, Brayton & Watson* for the appellant.

*L. N. Ingalls* and *J. N. Ingalls* for the appellee.

WRIGHT, J.—Plaintiff offered in evidence two transcripts of the judgment declared on. The first was defective in that the certificate of the clerk failed to show that the justice rendering the judgment, and who purports to sign the official certificate accompanying the transcript, was a justice within the county wherein the said officer was clerk of a court of record. This was necessary, under section 2439 of the Code. The authentication to the second transcript is defective, for the reason that it does not state that the person signing the official certificate of the justice, was at the time of signing the same an acting justice of the peace. It states that he was at the time of the rendition of the judgment, some three months prior to the date of the certificate, but it is silent as to his official character at the time he certifies to the transcript. (Code *supra*.)

Judgment affirmed.

LOWE, C. J. *dissenting*.—This action was founded upon the exemplification of a judgment rendered by a justice of the peace, in the State of Ohio. On the trial before the court below, the plaintiff offered in evidence two transcripts of said judgment, each accompanied with a certificate of the

Guesdorf v. Gleason.

clerk of the court, as to the official character of the justice of the peace. The first certificate was substantially good and filled the requirements of section 2439 of the Code, except in one particular, and that was a failure to state that the officer before whom the proceedings were had, was a justice of the peace of Sandusky county. The second certificate supplied this defect, but omitted to state another requisite of the Code, which the first certificate contained. Each therefore was technically defective, but taken together, fully authenticated the official character of the justice, as the law requires. I can conceive of no reason why these two certificates of authentication, relating to the same proceedings, the same parties, and the same officer, should not be considered together to establish what they were given to prove. The second certificate was obtained to cure a defect in the first, and this it did; and because it did not repeat all that the first certificate contained, therefore it is claimed that both should be rejected. It has often been held that the official character of a magistrate may be established by parol testimony. Now, if a witness should be called for that purpose, and should omit one of the requisites of the law in his first examination, and should be called a second time to supply it, may he not do so without its having the effect to destroy his whole testimony? Yet really there would be as much reason for rejecting the testimony in one case as in the other. In short, it is believed that no rule of practice or decision can be found that would, under such circumstances, exclude the consideration of both these certificates of authentication. Yet the court below held that they were insufficient, and instead of nonsuiting the plaintiff for that reason, rendered a judgment for the defendant, which must ever debar the plaintiff from asserting his claim again in a court of justice. I can not consent to become a party to the affirmance of a judgment which imposes so much hard-

ship and wrong upon an innocent party, upon grounds so technical and unsubstantial.

The judgment below ought to be reversed.