## GOLDSTONE *et al. v.* DAVIDSON *et al.*

WHERE, to suit for goods sold and delivered, defendant pleads his discharge in insolvency : *Held,* that in support of his plea he can offer in evidence certified copies of the decree and of each of the papers composing the record of the insolvent proceedings *separately ;* and that these papers need not all be attached together and the whole certified as one record.

APPEAL from the Fourth District.

Action for goods sold and delivered against Meyer Davidson and Lewis Davidson, composing the firm of Davidson & Bro. One only of the defendants answered, and set up his discharge in insolvency by a decree of the Sixteenth District Court. On the trial, to support his plea, he offered in evidence certified copies of his petition, schedule, affidavit, and of all the other papers necessary in proceedings in insolvency, including a decree of final discharge. These papers were separately certified by the Clerk of the Sixteenth District Court. Plaintiffs objected to their introduction on the ground that " they were detached and isolated papers, and not all certified together, and therefore were no record or copy of a judgment roll." Objection sustained and papers ruled out, defendant excepting. Defendant then, on the ground of surprise, asked for three or four days time to procure from the Sixteenth District Court a copy of the insolvent proceedings certified in accordance with the ruling of the Court. Objected to by plaintiffs, and time refused, defendant excepting. Judgment for plaintiffs ; defendant appeals.

*McDougall & Sharp,* for Appellant, cited 9 How.-Pr. R. 86 ; Pr. Act, secs. 655, 449 ; 1 Greenl. Ev. sec. 511 ; 9 Richard, 173.

*H. J. Labatt,* for Respondents.

Defendant should have produced an exemplified copy of the judgment roll. (Pr. Act, sec. 449.)

*J. B. Harmon,* also for Respondents.

4

COPE, J. delivered the. opinion of the Court — BALDWIN, J. concurring.

The Court erred in excluding the evidence offered by Meyer Davidson to prove his discharge in insolvency. This evidence consisted of a certified copy of the decree, and of each of the papers composing the record of the proceedings. It was excluded upon the ground that these separate papers should have been attached together, and the whole certified as one record. This would undoubtedly have been the proper mode of exemplification; but we think the mere fact that the papers composing the record were certified separately was not sufficient to authorize their rejection. These papers, taken together, make up a complete record, and establish all the facts necessary to entitle the party to the benefit of his defense.

Judgment reversed and cause remanded for a new trial.