GILBERT *v.* THE MOLINE WATER POWER AND MANUFACTURING COMPANY.

1. Jurisdiction: JUDICIAL NOTICE. The courts of this State take judicial notice of the fact that the island of Rock Island is within the State of Illinois, and forms a part of its territory for judicial and all other purposes.

2. —— CONCURRENT JURISDICTION. The concurrent jurisdiction of the States of Illinois and Iowa over the Mississippi river attaches to cases, either civil or criminal, arising out of the commerce of such river; but does not authorize the courts of Iowa to abate a nuisance established and existing in said river on the Illinois side of the main channel.

*Appeal from Scott District Court.*

THURSDAY, JANUARY 4, 1866.

PLAINTIFF, as trustee, claims to be the owner of and in possession of a large tract of land in Scott county, in this State, on the Mississippi river, and nearly opposite the town of Moline, in the State of Illinois. He alleges that many years since, the defendant erected a dam across the south or slough channel of the Mississippi river, which is situated across said river and opposite plaintiff's land, between the head of Rock Island in said river and the Illinois shore; and that said company also erected a dam and a wing dam across the said channel between Rock Island and what is known as Sears Island, the said dams and wing being in length twenty-six hundred feet. It is further averred that these dams are kept up, by means whereof the said lands are overflowed and portions thereof rendered entirely useless.

The prayer is for an injunction restraining said defendant from continuing these obstructions, and that upon final hearing the whole of said dams may be declared a common nuisance and abated, &c.

Defendant demurred, upon the ground among others,

that the District Court of Scott county had no jurisdiction of the subject matter, no power to grant the relief asked. This objection was held well taken, and plaintiff appeals.

*Grant & Smith* for the appellant, cited Webs. Dict., Slough; Worcester's Dict., "Slough;" 3 U. S. Stat. at Large, 428; 5 Id., 742; 1 Purple's Ill. Stat., 284; Rev., 1860, §§ 1–3 (passed July 4th, 1840).

*Cook & Drury* for the appellee, cited *The Mississippi and Missouri Railroad Company* v. *Ward*, 2 Black., 485.

WRIGHT, J. — Defendant is a corporation organized and doing business in the State of Illinois. It has no corporate existence in this State. The obstructions complained of are on the Illinois side of the main channel of the Mississippi river. This is true, whether what is called the main dam or the one between the head of Rock Island and the Illinois shore, is across a slough or channel. This is not controlled, nor indeed could it well be, for we judicially know that this island (Rock Island) is within the jurisdiction of the State of Illinois, and forms a part of its territory for judicial and all other purposes. The question then is, whether the courts of this State can take cognizance of the injury complained of, and direct that a nuisance in the Mississippi river, on the south or Illinois side of the main channel of said river, shall be abated. It seems to us not, and that the court below did not err, therefore, in sustaining defendant's demurrer.

*1. JURISDIC-TION: judicial notice.*

Appellant bases the claim of jurisdiction upon the language of the acts admitting Illinois and Iowa into the Union, and the provisions of the Constitution and statutes of each in defining their respective boundaries. The act of 1818 (Ap. 18), admitting Illinois,

*2. — concurrent jurisdiction.*

gives to said State *concurrent* jurisdiction on the Mississippi river with any State or States to be formed west thereof, so far as the same shall *form a common boundary.* The act admitting Iowa contains the same provision as to *concurrence* of jurisdiction. Stat. at Large, 5, 742. The statutes of Illinois recognize the same extent of jurisdiction; and in this State it is declared that our jurisdiction is concurrent on the waters of any river or lake which forms a common boundary between this and any other State. Rev., § 3.  By our Constitution, our eastern boundary is the "middle of the main channel of the Mississippi river." Preamble, Rev., p. 986.

Now, while it is, of course, not claimed that the laws of this State would have any inherent authority beyond the jurisdiction of the State, or that our laws can bind or affect property out of or beyond our territorial limits, it is insisted that this property, or that this alleged nuisance, is so situated that either State may direct the manner of its use, and order its removal or abatement if found to be of the character charged. That the courts of Illinois might do this, there is, of course, no doubt. But the claim is, that our courts have the same concurrent right, on the complaint of one of our citizens, whose property, situated within our jurisdiction, is injured by the alleged unlawful obstruction. We do not believe, however, that the acts and constitutional provisions referred to include cases like that now before us.

There is an immense commerce on this great common highway. Water crafts, rafts, and boats of almost every kind and description, are each day floating upon its waters. Thousands of persons are engaged in this commerce. Contracts are made, and obligations assumed, for which these boats and crafts may, under certain proceedings, be made liable. Injuries are inflicted upon persons and property, by persons while *on the river*, for which they should be held

answerable, criminally as well as civilly. If jurisdiction in all such cases was made to depend on the inquiry whether the boat or vessel was on one side or the other of the main channel; whether the injury was inflicted or crime committed east or west, or north or south of such line, it can be readily seen that it would be frequently almost impossible to determine such jurisdiction, and that a mistake in this respect would prove fatal to the action or prosecution. And hence the reason of making the jurisdiction concurrent in all such cases. Such property and persons are, as a rule, transitory, moving — here to-day and gone to-morrow. Here is a common highway open to the citizens of all States and all nations. It is declared common territory, and, as to matters arising thereon, or persons found thereon, the sovereignties on either side have common or concurrent jurisdiction. Not so, however, as to an obstruction where the property therein, and the use thereof, is wholly on one side of the channel. It is as though an unhealthy, dangerous or illegal manufactory should be erected and continued on the Illinois shore, to the injury and annoyance of citizens on the Iowa side; and though such erection should extend below low water mark, there would be no jurisdiction to declare its abatement in our courts. Such injuries are not *on* the river, within the purview of the acts referred to and relied upon by counsel. And this conclusion is the more warrantable, when we consider that in this case the main dam extends from the shore to the island (Rock Island); that this island, containing hundreds of acres of land, is indisputably a part of the territory of our sister State, and that to reach this obstruction or nuisance, our courts and the officers thereof must go beyond this island and decree and procure the removal of a work attached to the main shore, and placed there, too, as we are bound to suppose, with the consent of the State to which the corporation owes its life.

All room for doubt upon the subject, however, is, it seems to us, removed by the case of the *M. & M. Railroad Co.* v. *Ward,* 2 Black., 485. The object of the bill, in that case, was to abate the Rock Island bridge across the Mississippi river, and situated a few miles below the obstruction complained of in this case. The bridge extends entirely across the river and has its abutments on either shore. And yet it was there held that the nuisance complained of, being a bridge across the Mississippi river, where that river divides the States of Illinois and Iowa, and the State line being in the middle of the river, the District Court for Iowa had no power to abate the nuisance on the Illinois side, and that if the obstruction was created by piers erected on the Illinois side, that was an offense against the laws of Illinois, and neither a State court of Iowa nor the Federal court for the district, can inquire into the facts or furnish a remedy. Surely no case could be more decisive of the question involved in another, than this one is of that now before us. If this rule is correct when applied to a bridge, a large portion of which is indisputably within the limits of our State, there can be no room for controversy, when applied to a nuisance, every part of which is beyond the middle line which divides the States. And, indeed, that case carries the rule so far, that it might be overruled without substantially affecting the merits of the present controversy.

Affirmed.