## RAILROAD BANK v. EVANS.

1. Foreign judgment: AUTHENTICATION OF. Where the transcript of a judgment, rendered before a justice of the peace of another State, is certified by his successor in office, and such certificate is authenticated by the certificate of a clerk of a court of record within the county in which such justice, in possession of the records of his predecessor, resides, stating that he is an acting justice of the peace and that the signature to his certificate is genuine, such transcript is admissible in evidence in a suit thereon in this State. The certificate of the justice, before whom the judgment was originally rendered, is not required.

2. ——— Nor is it necessary that the transcript should be supported by the certificate of the clerk, that such justice, before whom the proceedings were originally had, was, at the time of rendition of the judgment, an acting justice of the peace. The certificate of his successor in respect thereto, properly authenticated, is sufficient.

3. ——— CERTIFICATION: FAILURE TO AFFIX OFFICIAL DESIGNATION. Two judgments, or transcripts thereof, of the character above referred to, may both be properly authenticated by one certificate of the clerk, when they are against the same person and from the docket of the same justice. A certificate of authentication to each is not necessary in such case.

4. ——— Nor would the failure of the justice certifying the transcripts, to affix his official designation to his name, invalidate the transcripts or render them inadmissible if it be stated in the body of his certificate that he is an acting justice of the peace, and the clerk authenticating the certificate certifies the same.

*Appeal from Pottawattamie District Court.*

FRIDAY, JULY 28.

ACTION upon two judgments obtained by plaintiff against the defendant in a justice's court in Marion county, Illinois. Answer in denial. The following is a copy of the judgments and authentication, annexed as an exhibit to plaintiff's petition, to wit: " State of Illinois, Marion county, ss.: Justices' court, S. J. Johnson, J. P. Railroad Bank v. Thomas J. Evans and Warren W. Smalley; accepted draft, $99.05. Summons issued in this cause April 22, 1859, directed to Constable Matthews, and made returnable April 27, 1859, at 10 o'clock, A. M. April 27, 1859, at the hour set for trial in this cause, the defendants failed to appear, and Thomas J. Evans, one of the defendants, having been duly served with summons as appears on constable's returns of the same, it is therefore hereby ordered that the plaintiffs have a judgment in said cause and against said Thomas J. Evans for the sum of $99.05 and costs of this suit. Justice's fees, $1.12½; constable's fees, $1.50. Witness my hand and seal this 27th day of April, 1859.

[L. S.]                          " S. J. JOHNSON."

" *Fi. fa.* issued and directed to Constable Matthews, May 18, 1859, and returned July 21, 1859, indorsed wholly unsatisfied. *Fi. fa.* re-issued July 22, 1859, directed to Constable Mattwews, and returned wholly unsatisfied, September 28, 1859.

[L. S.]                          " S. J. JOHNSON."

(The other judgment is just the same, dates and all, as the above, except it was upon a " demand note for $80.")

"STATE OF ILLINOIS, ⎫ ss:
  Marion County.   ⎭

I, Edwin S. Condit, an acting justice of the peace, in and for Marion county and State of Illinois, do hereby certify that I am in possession of the docket of S. J. Johnson, late justice of the peace, in and for Marion county and State of Illinois, and that the within transcripts are true and *verbatim* copies of the original entries made in said docket. Witness my hand and seal this 11th day of November, 1868.

  [L. S.]                           "E. S. CONDIT."

"STATE OF ILLINOIS, ⎫ ss:    COUNTY CLERK'S OFFICE, ⎫
  Marion County.   ⎭            Salem, Illinois.      ⎭

I, James S. Jackson, clerk of the county court, in and for said county, do hereby certify that E. S. Condit, whose name appears to the foregoing instrument of writing, was, on the day of the date thereof, an acting justice of the peace in and for said county, duly commissioned and qualified, as appears on record at my office; that as such, full faith and credit are due his official acts, and his signature thereto is genuine. Given under my hand and official seal this 11th day of November, 1868.

  [L. S.]                    "J. S. JACKSON, *Clerk.*
                      "By W. L. LORIMER, *Deputy.*"

On the trial, which was to the court, the plaintiff offered in evidence the said copies of judgments and authentication. The defendant objected, because, 1st. The transcripts lacked the official certificate of the justice before whom the proceedings were had and judgments rendered; 2d. The transcripts lacked the support of the official certificate of the clerk, that S. J. Johnson was, at the time the judgments were rendered, an acting justice of the peace of that county, and that his signature was genuine; 3d. That each of the judgments should have the proper certificate

of the clerk attached to it, and not one certificate to both; and 4th. The transcripts lacked the official signature of E. S. Condit—he does not sign it as justice of the peace.

These objections were sustained; and thereupon the cause was submitted to the court upon the petition and answer, without evidence, and the court gave judgment for defendant for the costs of the action. The plaintiff excepted and now appeals.

*Clinton, Hart & Brewer* for the appellant.

*Ross & Dailey* for the appellee.

COLE, J.—I. The questions made in this case involve the construction of our statute in relation to the authenti-

1. FOREIGN JUDGMENT: authentication of. cation of judgments and proceedings before justices of the peace, and hence we copy it in full herein. Rev., § 4059 (2439): "The official certificate of a justice of the peace of any of the United States, to any judgment, and the preliminary proceedings before him, supported by the official certificate of the clerk of any court of record within the county in which such justice resides, stating that he is an acting justice of the peace of that county, and that the signature to his certificate is genuine, is sufficient evidence of such proceedings and judgment."

Now, the first objection made is, that the transcripts lacked the official certificate of the justice before whom the proceedings were had, and by whom the respective judgments were rendered. But the justice who rendered the judgments in April, 1859, had gone out of office. This we learn from the certificate of E. S. Condit, now acting justice of the peace, which is in strict conformity with the requirements of the section above quoted, and may therefore be received as evidence of its contents, to wit: that he is "in possession of the docket of S. J. Johnson,

*late* justice of the peace in and for Marion county," etc. And we have the decision of this court that "the certificate of a retired justice of the peace in relation to his former official proceedings is not entitled to any more legal consideration or respect than if he never had been a justice of the peace, or than that of a mere stranger." *Brown* v. *Scott*, 2 G. Greene, 454. Hence, if the transcripts had contained the certificate of S. J. Johnson, before whom the proceedings and by whom the judgments were rendered, it would not have given to them any additional verity, and therefore the absence of such valueless certificate could not constitute any objection to the admission of the transcripts in evidence.

But let us inquire for a moment what is meant by the section above quoted, where it says "the official certificate of a justice of the peace of any of the United States, to any judgment, and the preliminary proceedings *before him*," etc.? Does it mean that only the *individual* before whom, as a justice of the peace, the judgment was rendered can certify to it? If so, the statute would accomplish but very little, since, by death or rotation in office for other causes, the same individual seldom holds that office for any great length of time; and the right to authenticate judgments under the statute, with that construction, would cease with the expiration of the term of office of the justice who rendered them. The evident purpose of the statute can only be fully effectuated by holding, as we do, that the statute recognizes and treats of proceedings and judgments before justices of the peace, as proceedings and judgments of *a court;* and hence, that the term "any judgment, and the proceedings before him" refers to such as are contained in the records and papers of his predecessors in his possession, as well as those made by himself — that all are *before him* within the purpose and meaning of the statute.

II. It is next objected that the transcripts lacked the support of the official certificate of the clerk of a court of

record within the county where said S. J. Johnson resided, stating that he was, at the time of rendering said judgments, an acting justice of the peace of that county, and that his signature thereto was genuine. To this it may be answered that the statute does not authorize the clerk to certify to any past act or fact, but only to the then present existing one, that the *person making the certificate is* an acting justice, and his signature genuine. The clerk's certificate that some person, at some previous time, was a justice, and that the copy of his judgment (for it is to the copy that the clerk annexes his certificate) has his genuine signature to it, would be without any authority under the statute, and hence worthless as evidence. Since such certificate would not add to the verity of the authentication, the fact of its absence would constitute no valid objection.

We are referred to *Guesdorf* v. *Gleason*, 10 Iowa, 495, as tending to sustain this objection; but it does not. There, one certificate of the clerk was held defective, because it failed to show that the justice rendering the judgment, *and who purports to sign the official certificate accompanying* the transcript, was a justice within the county wherein the officer was clerk of a court of record. The other certificate was held defective because it did not state that the person signing the official certificate of the justice was, *at the time of signing the same*, an acting justice of the peace. The justice rendering the judgment, in the first case, *was the same justice* that made the certificate; and the clerk's certificate was defective, in that it did not certify that he was a justice *then*, when the clerk's certificate was given, and not that he did not certify that he was a justice when the judgment was rendered. The omission in the last case was of the essential fact required by statute, and this, of course, made it defective. Neither have any bearing upon the questions in this case.

III. As to the other two grounds of objection it is only necessary to remark that one certificate to both judgments

**3. CERTIFICA- TION: failure to affix official designation.** is just as satisfactory and as valid in both law and equity, as a like certificate of each. If the omission by E. S. Condit to affix J. P. to his name as his official designation, would, under any circumstances, be a ground of objection, it cannot avail in this case, because in the body of the certificate he states that he is an acting justice of the peace, and this must certainly be of equal verity with the mere affixing of the initials to his name. *Commonwealth* v. *Downing*, 4 Gray, 29. Besides, the clerk certifies that he was such and his signature genuine.

IV. We have thus disposed of the objections made in their order and under the statute, and find them without legal validity. Let us now turn to the general rules of evidence, and test their efficiency when measured by them. Mr. Greenleaf says, that the judgments of inferior courts are usually proved by producing, from the proper custody, the book containing the proceedings. And as the proceedings in the courts are not usually made up in form, the minutes, or examined copies of them, will be admitted, if they are perfect. If they are not entered in books they may be proved by the officer of the court, or by any other competent person. In either case resort will be had to the best evidence, to establish the tenor of the proceedings; and, therefore, when the cause is to be recorded therein, which will be presumed until the contrary is shown, the record, or a copy properly authenticated, is the only competent evidence. 1 Greenl. on Ev., § 513. From this it appears that the judgments are presumed to be recorded in a book, and that *a copy* of the judgment taken from the book, properly authenticated, is competent evidence. In this case, we have *a copy of the judgment*, authenticated in the very language of the statute, and we conclude, therefore, that it was competent evidence. For, Mr. Greenleaf does not say that any certificate or proof of the official character of the person rendering the judgment is required, under

the law; and surely our statute does not require it.   And it has often been held that the records of an inferor court may be proved either by the production of the original or by copy duly authenticated.   *State* v. *Bartlett*, 47 Me. 396; *Commonwealth* v. *Ford*, 14 Gray, 399; *Goldstone* v. *Davidson*, 18 Cal. 41, and other cases; and this, too, without any proof of the official character of the person rendering *them*.   The record is evidence of that; and a copy, duly authenticated, is equivalent to the record.

Reversed.