Darrah v. Watson.

DARRAH v. WATSON.

1. **Foreign judgment:** AUTHENTICATION OF. A transcript of a judgment of the county court of the State of Virginia, before its division by the formation of the State of West Virginia therefrom, authenticated by a certificate of the *circuit court* of West Virginia, showing that said county court of the State of Virginia was abolished or discontinued, and its records and proceedings transferred to said circuit court of the State of West Virginia, and that he, as the clerk of the said named court, is the lawful custodian of the records and proceedings of the said late county court, etc., and further authenticated by the presiding judge of said circuit court, was held sufficiently attested in an action thereon in this State.

2. **Jurisdiction:** PERSONAL JUDGMENT. The fact that it appears from the record that the proceeding was commenced by attachment on the ground of the non-residence of the defendant, will not invalidate a personal judgment rendered in the action, when it further appears that he was personally served.

3. —— Nor would the jurisdiction of the court be disturbed, nor the judgment rendered invalid by the fact that the defendant was not served the number of days required by law. This would simply be a case of defective service, instead of no service.

4. —— NON-RESIDENT. The courts of the State of Iowa may acquire lawful jurisdiction of the person of a resident of a sister State by the service of original process upon him while within this State.

*Appeal from Benton Circuit Court.*

FRIDAY, JANUARY 25.

ACTION on a judgment of a sister State. Trial to a jury. Verdict and judgment for plaintiff. Defendant appeals. The further facts appear in the opinion.

*Conklin & St. Clair* for the appellant.

*N. M. Hubbard* for the appellee.

MILLER, J. — The judgment record, on which this action is brought, shows that the action was commenced in the county court of Monongalia county, Virginia (now West Virginia), by the issuance of a summons, returnable on the first Monday of June, 1859. The sheriff's return on the summons shows a personal service thereof on the 6th day of June, 1859.

It also appears that a writ of attachment was issued in the case, on the alleged ground that the defendant was a non-resident of the State. A capias was also issued but not executed.

According to the rules of the court, the declaration was filed on the first Monday of July, 1859, in the office of the clerk, and the defendant not appearing, it was ordered that the same be taken as confessed, if defendant continue in default. On the first Monday in August, 1859, the defendant still failing to appear, the conditional judgment previously entered, was ordered confirmed ; and at a term of the county court held on the 28th day of October, 1859, the defendant being called but came not, final judgment was rendered against him.

The transcript is certified by the clerk of the *circuit court* of the county, certifying, among other things, that since the rendition of the judgment in the county court, " The State of Virginia was divided, and the State of West Virginia formed out of a portion thereof, including the county of Monongalia

within its limits; that the said county court of said State of Virginia was abolished or discontinued, and its records and proceedings transferred to the said circuit court of the State of West Virginia, and I, as the clerk of said last-named court, am the proper and lawful custodian of said records and proceedings of the said late county court of Monongalia county, Virginia, now West Virginia." To this certificate the seal of the circuit court is affixed with the signature of the clerk.

This is further authenticated by the certificate of the sole judge of the circuit court, stating that the attestation of the clerk is in due form, and the person certifying as clerk is the clerk of said court.

The first error assigned is the overruling of appellant's objection to the admission of the transcript in evidence, on the ground that it was not properly authenticated.

It is urged by counsel for appellant that inasmuch as the transcript is not authenticated by the clerk of the county court in which the judgment was rendered, but by the clerk of the circuit court, the facts showing the latter to be the legal custodian of the records of the county court must be shown by the statutes of the country from whence the record comes, and cannot be proved by the certificate of the clerk. In respect to the division of the State of Virginia and the formation of the new State of West Virginia, the courts will take judicial notice of these facts. *Gilbert* v. *The Moline Water Power & Mfg. Co.*, 19 Iowa, 319 ; 1 Greenl. Ev., §§ 4, 5, 6.

The certificate of the clerk of the circuit court that he is the proper custodian of the records of the late county court of the State of Virginia, we are of opinion, is sufficient without showing the statute to that effect. He shows substantially that the circuit court of the new State succeeded the county court of the old, and that he is the successor of the clerk of the county court. We have held that it is competent for the successor of a justice of the peace to certify to a judgment rendered by his predecessor in a sister State. *Railroad Bank* v. *Evans*, 32 Iowa, 202.

II. It is next urged that the record shows on its face that

the proceeding was by attachment, on the ground that the defendant was a non-resident; that the proceeding was *in rem*, and the defendant did not appear, and that, therefore, the judgment has no force or effect as a personal judgment. The record, however, shows a personal service of the summons on the defendant in the State of Virginia. The fact, therefore, that a writ of attachment was issued in the action does not render the proceedings *in rem*, the defendant having been personally served with process.

III. It is further urged that the service of the summons was not sufficient that the day on which the same was served was the return day of the process. This, however, does not render the judgment void for want of jurisdiction. The summons informed the defendant of the time and place he was required to appear, and though the law required that he should be served a certain number of days prior to the return day of the process, the service was simply defective in this respect, but not void. See *Lyons* v. *Vanatta*, 35 Iowa, 521, and cases cited; *Shea* v. *Quinton*, 30 id. 58, and cases cited.

IV. On the trial the defendant Watson was sworn as a witness, and testified that during the year 1859, he resided in Greene county, Pennsylvania, and had so resided there for about three or four years prior to June, 1859, and never afterward resided in the State of Virginia; that during the month of June, 1859, he went from his residence in Pennsylvania into Monongalia county, Virginia, temporarily and on business; was there only two or three hours and returned again to Greene county, Pennsylvania, which latter county adjoins Monongalia county, Virginia; that while thus in the latter county he was served with some kind of paper or process, which was the only paper or process ever served on him in said county; that he paid no attention to the matter, never appeared in the action, made no defense and authorized no one to appear for him. Whereupon defendant's counsel asked the court to instruct the jury in substance, that if they found that the defendant, at the time of the rendition of the judgment in Virginia, was not a resident of or domiciled in said State, but was a resident

of and domiciled in the State of Pennsylvania; that defendant, when the summons or original process was served upon him, was in the State of Virginia only for a few hours temporarily and on business; that defendant never afterward resided in said State; that defendant did not appear to the action or authorize any one to appear for him, then the county court of Monongalia county, Virginia, did not, by virtue of such service or by any proceedings in said action, acquire jurisdiction of the person of defendant to render a personal judgment as would be binding against him in this State.

This instruction was refused, and this ruling is assigned as error.

We have before said that the insufficiency of the service of the summons would not have the effect to render the judgment void as for want of jurisdiction. But it is insisted by appellant's counsel that " even admitting that the summons had been served in time and personally on defendant in Virginia," the court did not acquire jurisdiction of the defendant who was a resident of another State, and never afterward was a resident of Virginia, but was merely temporarily therein when he was served with original process in the action. The position assumed by counsel is, that the courts of Virginia could not acquire jurisdiction of the person of a citizen and resident of Pennsylvania by the service of original process upon him while temporarily in the former State on business.

The doctrine is well settled that no State can by its judgments rendered in its courts bind personally a defendant who is not within its jurisdiction, and on whom no notice has been served. *Melhop & Kingman* v. *Doane & Co.*, 31 Iowa, 397, and cases cited. And that to entitle a judgment rendered in one State to the full faith and credit mentioned in the Constitution and laws of the United States the court must have had jurisdiction not only of the subject-matter, but of the person of the defendant. Ibid. But is it true that the courts of one State cannot acquire jurisdiction of the person of a citizen and resident of a sister State by the service of original process upon such citizen within the jurisdiction of the former State? We

think it is not. In the only case cited by appellant's counsel, *Bissell* v. *Briggs*, 9 Mass. 462, Chief Justice PARSONS on page 470 says: "Now, an inhabitant of one State may, without changing his domicile, go into another; he may there contract a debt or commit a tort, and while there he owes a temporary allegiance to that State, is bound by its laws, and is amenable to its courts." We have found no case holding a contrary doctrine to this.

Applying this doctrine to the case before us, we hold that the county court of Virginia did acquire jurisdiction of the person of the defendant by the service of the summons upon him while temporarily within its local jurisdiction, and that its judgment is entitled to the same faith and credit in this State as it was entitled by the laws of the State where rendered. The court below did not err, therefore, in refusing the instruction asked, and its judgment is

Affirmed.