O. C. BUCK, Appellant, v. CLARK ELLENBOLT, Appellee.

Nuisance: INJUNCTION: JURISDICTION OVER ISLANDS IN MISSISSIPPI RIVER.   The courts of this state are without jurisdiction to abate by injunction a nuisance which is maintained upon an island in the Mississippi river, unless such island is situated within the boundary line of the state as fixed by act of congress of March 3, 1845, which is to the middle line of the channel of said river.

*Appeal from Clayton District Court.*—HON. L. O. HATCH, Judge.

.FRIDAY, JANUARY 29, 1892.

THIS is a suit in equity, by which it is sought to enjoin the defendant from maintaining a nuisance by the sale of intoxicating liquors in a building on an island in the Mississippi river.   There was a demurrer

to the petition, which was sustained, and the plaintiff appeals.—*Affirmed.*

*A. Chapin,* for appellant.

No appearance for appellee.

ROTHROCK, J.—The petition to which the demurrer was sustained is in these words:

"Paragraph 1. Plaintiff states that he is a citizen of Clayton county Iowa.

"Paragraph 2. That the defendant, Clark Ellenbolt, in a building on an island in the Mississippi river, opposite the county of Clayton, south of the north line and north of the south line of said county, and known as 'Clark Ellenbolt's Saloon,' and also known as the 'Lone Star Number 1,' has established and is maintaining a place for the illegal sale of intoxicating liquors, and does sell and keep therein with intent to sell, contrary to law, intoxicating liquor.

"Paragraph 3. That, by such sale and keeping with intent to sell, contrary to law, intoxicating liquor in said building, the said defendant has established and is keeping and maintaining a nuisance; wherefore plaintiff prays that a decree be entered abating said nuisance, and a writ of abatement issue therefor; that a temporary writ of injunction issue against the defendant restraining him from further sale or keeping with intent to sell, contrary to law, of intoxicating liquor in the thirteenth judical district of Iowa, and on the Mississippi river, and the islands in the Mississippi river opposite said district, and that on the final hearing said injunction be made perpetual: and that plaintiff have judgment for costs, including attorney fees, and for general relief."

The demurrer is to the effect that the petition does not show that the district court has jurisdiction of the action. The assignment of error upon which the appeal is founded is that "the court erred in hold-

ing that the courts of this state have not concurrent jurisdiction over the islands in the Mississippi river." By the act of congress approved March 3, 1845, and by the preamble to the constitution of this state, the eastern boundary of the state is "the middle of the main channel of the Mississippi river;" and it is provided by the same act of congress "that the said state of Iowa shall have concurrent jurisdiction on the Mississippi and every other river bordering on the said state of Iowa, so far as the said rivers shall form a common boundary to said state and any other state or states now or hereafter to be formed or bounded by the same." It will be observed that the petition in this case seeks to abate a nuisance carried on in a building on an island in the Mississippi river. It is not stated in the petition that the island is within the boundary line of this state as above defined. Counsel for the appellant make the broad claim that the island is part of the river, and that the jurisdiction of this state extends from shore to shore. It will be observed that the concurrent jurisdiction is given to the adjoining states on the river, which forms the common boundary. It was held in the case of *Gilbert v. Moline Water Power & Mfg. Co.*, 19 Iowa, 319, that the concurrent jurisdiction provided for the adjoining states attaches to cases arising out of the commerce of the river, but does not authorize the courts of Iowa to abate a nuisance established and existing in said river beyond the boundary line of this state. The following pertinent language is employed in the opinion in that case: "There is an immense commerce on this great common highway. Water-crafts, rafts and boats of almost every kind and description are each day floating upon its waters. Thousands of persons are engaged in this commerce. Contracts are made and obligations assumed, for which these boats and crafts may, under certain proceedings, be made liable; injuries are inflicted upon persons and property by persons

while on the river, for which they should be held answerable, criminally as well as civilly. If jurisdiction in all such cases was made to depend on the inquiry, whether the boat or vessel was on one side or the other of the main channel, whether the injury was inflicted or crime committed east or west or north or south of such line, it can readily be seen that it would be frequently almost impossible to determine such jurisdiction, and that a mistake in this respect would prove fatal to the action or prosecution; and hence the reason of making the jurisdiction concurrent in all such cases. Such property and persons are, as a rule, transitory,—moving,—here today and gone tomorrow. * * * Not so, however, as to an obstruction where the property and the use thereof is wholly on one side of the channel." It has never been held that the jurisdiction of this state extends to the east shore of the channel of the Mississippi river in any case except where the act complained of or cause of action was founded upon something connected with the commerce of the river. To hold that it extends to islands and permanent structures or obstructions in the stream beyond the line of the state would, it appears to us, be wholly unwarranted by the act of congress above cited. It was so held in the case cited; and see also *M. & M. Ry. Co. v. Ward*; 2 Black, 485. And the same rule was recognized and applied in the taxation of a bridge over the Mississippi river at Dubuque in the case of *Dunlieth & Dubuque Bridge Co. v. County of Dubuque*, 55 Iowa, 558. It was not claimed in that case that the part of the bridge beyond the middle of the channel of the river was taxable in this state. An island in the river is surely as fixed and definite an object as a bridge; and, if an island be without the boundary of the state, its courts can have no jurisdiction to abate nuisances maintained thereon, nor to punish crime committed on such island. The case of *State v. Mullen*, 35 Iowa, 199, relied on by counsel for

the appellant, does not appear to us to be in point. That was an indictment for a crime committed upon a boat on the river. It was a water-craft, and was moved from point to point on the river, although it was at the time resting temporarily on the river on the east side of the middle of the main channel, and it was aground. It was held that the crime was committed on the river, within the meaning of the law conferring concurrent jurisdiction on the adjoining states. It is said in the opinion in that case that, "In the eye of the law a crime committed on the boat under the circumstances is as much an offense perpetrated on the river as though the vessel were at the time afloat."

In our opinion, the demurrer to the petition was rightly sustained.—*Affirmed.*