BARNETT ET AL. *v.* JUDAY.

JUDGMENT.— *Joint Contract.—Promissory Note.—Merger.—*A judgment against one of the makers of a joint promissory note merges the note and is a bar to an action on the same note, against the other makers, or all the makers.

PROMISSORY NOTE.— *Joint.—*A promissory note written, "we promise to pay," etc., and simply signed by two or more makers, is a joint note.

JUSTICE OF THE PEACE.—*Pleading.—*In a suit on a promissory note before a justice of the peace, the note is all the complaint necessary.

SAME.—*Confession of Judgment.—*Where the record of a justice showed that "the defendant" (naming him) "appeared and confessed the following note " (setting out the note), "and says that he is justly indebted for the same;" *Held,* that the record showed a sufficient confession by defendant for the justice to render judgment against him.

SAME.—*Assent.—*The record of a judgment recovered on a promissory note in favor of the payee as plaintiff shows *prima facie* that the judgment was taken with the consent or procurement of the payee.

APPEAL from the Elkhart Circuit Court.

DOWNEY, J.—Juday sued Barnett, Haggerty, and Reeve upon the following promissory note:

"$200.          LIGONIER, IND., January 27th, 1869.

"Six months after date, we promise to pay to the order of George W. Juday two hundred dollars, value received, without any relief whatever from valuation or appraisement laws, with ten per cent. interest.

"THOMAS BARNETT & Co.
"EDWIN REEVE."

To the complaint upon this note the defendants pleaded that on the 21st day of December, 1869, before George W. Alford, Esq., a justice of the peace of, etc., the above named

Barnett *et al. v.* Juday.

plaintiff recovered a judgment against the above named defendants, by confession, for the sum of two hundred dollars, damages, interest, and costs taxed at $———, and that said judgment was rendered against the defendants upon the same cause of action mentioned in the plaintiff's complaint; a copy of which judgment was filed with the answer.

Barnett pleaded separately the recovery by the plaintiff of a judgment against him upon the same note, before the same justice of the peace, on the same day, by confession, for the same amount, and filed with his answer the same copy of the same judgment as that filed with the preceding paragraph.

Haggerty and Reeve, together, pleaded, in bar of the action against them, the recovery of the same judgment against Barnett. The copy of the judgment filed with these paragraphs of the answer is as follows:

"George W. Juday, plaintiff, *v.* Thomas Barnett & Co., Edwin Reeve, security, defendants. In justice's court, before George W. Alford, Esq., justice of the peace of Jackson township.

"Complaint for two hundred and eighteen dollars and thirty-three cents. December 21st, 1869, Thomas Barnett, the defendant appeared and confessed the following note:

"'$200. LIGONIER, IND., January 27th, 1869.

"'Six months after date, we promise to pay to the order of George W. Juday two hundred dollars, value received, without any relief whatever from valuation or appraisement laws, with ten per cent. interest.

"'THOMAS BARNETT & CO.,
"'EDWIN REEVE.'

"And says that he is justly indebted for the same; and it is adjudged that the plaintiff recover of the defendant the sum of two hundred dollars, together with interest on the same, and also his costs and accruing costs, and that he have execution therefor without relief to said defendant from valuation laws.

"Signed: GEO. W. ALFORD, J. P. [SEAL.]"

The plaintiff demurred to these paragraphs of the answer separately, for the reason that they did not state facts sufficient to constitute a defence to the action, and the demurrers were all sustained. The defendants excepted.

Haggerty and Reeve pleaded two other paragraphs of answer, on which issues were formed by reply, which were tried by a jury, and there was a verdict for the plaintiff. The defendants moved for a new trial, which was overruled, and judgment for the plaintiff was rendered on the verdict.

Among the errors assigned, it is alleged that the court erred in sustaining the demurrer to the first, second, and third paragraphs of the answer.

It will be seen that the promissory note which is the foundation of the action was a joint note, and not several, or joint and several. It has been decided in several cases in this court, that a judgment against one of several makers of a joint note merges the cause of action, and constitutes a bar to a suit on the same note against the other makers, or against all the makers. *Nicklaus* v. *Roach*, 3 Ind. 78; *Crosby* v. *Jeroloman*, 37 Ind. 264.

But it is contended by counsel for the appellee, that the judgment of the justice of the peace is a nullity, and cannot estop the appellee to maintain an action against the other parties, or against all the parties, for the reasons that it does not sufficiently appear that the judgment was taken by the consent of the appellee; that the judgment was for less than the amount mentioned in the introductory part of the transcript; that it does not appear that Barnett confessed, or offered to confess, judgment on the note, or that any complaint was filed.

We think that, *prima facie*, at least, the judgment must be regarded as having been taken by the consent or procurement of the appellee. It is alleged in each paragraph that the judgment was recovered by the plaintiff therein; and as he must be presumed to have had the possession and control of the cause of action, we think it is reasonable to infer that the judgment was rendered by his consent. If, in fact, this

was not so, we presume he may reply that fact. The note may have been subject to credits, reducing the amount due on it to the sum for which the judgment was rendered; or possibly there may have been some other reason for rendering the judgment for only two hundred dollars. We think there was a sufficient confession by Barnett to authorize the justice to render judgment against him. No complaint was required. The note was all the complaint that was necessary. 2 G. & H. 586, sec. 35.

The first paragraph of the complaint sets up a judgment against all the defendants, and seems not to be sustained by the copy of the judgment filed, which is against Barnett only. The justice's judgment does, however, sustain the second and third paragraphs of the answer; and as to these, the demurrers should have been overruled.

There is only one other question discussed in the briefs, and that is with reference to the correctness of the action of the court in refusing to give an instruction asked by the defendants. The evidence in the case is not such, however, as to justify us in reversing the judgment for the refusal to give that instruction, if it was improperly refused; and we will not further consider it.

For the errors in sustaining the demurrers to the second and third paragraphs of the answer, the judgment will have to be reversed.

The judgment is reversed, with costs.

*J. H. Baker* and *J. A. S. Mitchell*, for appellants.

*W. A. Woods*, for appellee.