## LARR ET AL. *v.* THE STATE, EX REL. WAGONER.

PLEADING.—*Suit on Official Bond of Justice of the Peace.*—A complaint on the official bond of a justice of the peace alleging that the relator was plaintiff in an action before the justice, and on the trial the justice found for the plaintiff in the sum of one hundred and sixty-six dollars, but without the fault or knowledge of the relator, the justice entered his finding and judgment for only the sum of sixty-six dollars, and that the relator did not know of such entry for more than sixty days thereafter, by reason of which the relator lost the sum of one hundred dollars, is bad.

SAME.—*Conclusiveness of Record.*—The record of a justice of the peace is conclusive evidence of the facts set forth therein, and such record cannot be contradicted by a pleading.

From the Clay Circuit Court.

*G. P. Stone* and *S. W. Curtis,* for appellants.

*W. W. Carter* and *S. D. Coffee,* for appellee.

OSBORN, J.—This was an action commenced by the appellee against the appellant Larr upon his official bond as a justice of the peace and against the other appellant as his surety.

It is alleged in the complaint that on the 30th of June, 1871, there was pending before the appellant as justice of the peace an action, in which the relator was plaintiff and Charles G. Furguson defendant based upon an account for one hundred and sixty-six dollars; that on that day the action was tried before Larr as such justice, and that after hearing the evidence he found for the plaintiff for the full amount claimed; but that without the fault, knowledge, or consent of the relator, the appellant entered his finding and judgment on his docket only in the sum of sixty-six dollars and sixty-five cents; and that the relator did not know, and was ignorant of, the fact that the judgment had been rendered for sixty-six dollars and sixty-five cents, for sixty days thereafter; that by reason of the carelessness of the appellant in so rendering the judgment, the relator was unable to recover and did not collect the sum of one hundred dollars and the interest thereon, although Furguson was solvent; that no part of it has been paid by Furguson or

Larr, or any other person, and that it remains due. A copy of the bond is filed with and made a part of the complaint.

A demurrer was filed to the complaint, on the ground that it did not contain facts sufficient to constitute a cause of action, which was overruled, and an exception taken. The appellants declined to answer, and the court, after hearing evidence, found for the appellee in the sum of one hundred dollars, and rendered judgment for that amount and costs.

The error assigned calls in question the ruling of the court on the demurrer.

The allegations of the complaint contradict the record of the justice in entering and recording his proceedings in the action. The *gravamen* of the action is, that the record, finding, and judgment of the justice, were different from, and for a sum less than, the finding in fact.

The argument of the appellee in support of the judgment of the court below is, that the finding and judgment of the justice was a judicial act, for which he is not liable, whilst the act of entering it upon his docket was ministerial, and for which it is claimed he may be liable.

Every justice is required by law to keep a docket, in which he shall record the proceedings in full of all suits instituted before him and the amount of the judgment rendered, which, when completed, he must sign. 2 G. & H. 581, sec. 18. A court of a justice of the peace is a court of record. *Hooker* v. *The State,* 7 Blackf. 272. It cannot be questioned or traversed in a collateral action. *Mather* v. *Hood,* 8 Johns. 44. It is conclusive evidence of the facts set forth in it, and if conclusive, then no evidence can be given to contradict or impeach it. If the finding and judgment cannot be contradicted in evidence, neither can it be in pleading. Whilst it remains a matter of record and conclusive evidence, facts stated in it cannot be controverted. *Cunningham* v. *Bucklin,* 8 Cow. 178.

We need not decide whether it was the duty of the relator to attend to the entry of the justice, or whether it was negligence in him to wait for sixty days after the trial, before

ascertaining the result of the trial, and what judgment was rendered. Nor need we determine whether the finding and judgment might not have been amended by an order or judgment *nunc pro tunc.*

The entry upon his docket by the justice was conclusive evidence of the proceedings in the action and of his finding and judgment.

The judgment of the said Clay Circuit Court is reversed, with costs; the cause is remanded, with instructions to said court to sustain the demurrer to the complaint, and for further proceedings, etc.