Pressler *v.* Turner *et al.*

---

## PRESSLER *v.* TURNER ET AL.

JUSTICE OF THE PEACE.—*Court of Record.*—The court of a justice of the peace in this State is a court of record.

SAME.—*Judgment.*—*Process.*—*Service.*—*Promissory Note.*—*Former Adjudication.*—A judgment, unappealed from, rendered in an action on a promissory note, by a justice of the peace having jurisdiction of the subject-matter and parties, where the constable's return on the summons issued to the defendant shows that, more than three days prior to the rendition of judgment, it had been "served by reading," is binding on the parties thereto, is conclusive evidence of the facts therein set forth, can not be impeached or contradicted in a collateral proceeding, and will support an answer of former adjudication, pleaded to a subsequent complaint on the same cause of action, by and against the same parties.

SAME.—Where a judgment has been so rendered, the plaintiff, alleging such

Pressler *v.* Turner *et al.* .

process to have been insufficient, can not treat such judgment as void, and maintain another action against the same parties, on such note.

SAME.—*Principal and Surety.*—Where such cause of action has been once so recovered upon, against two or more makers, the latter, in a subsequent action thereon, against them, by the same plaintiff, can not plead or try the question of suretyship.

From the Huntington Circuit Court.

*B. M. Cobb,* for appellant.

*J. C. Branyan* and *C. W. Watkins,* for appellees.

Howk, J.—In this action, the appellant, as plaintiff, sued the appellees, as defendants, in the court below, upon a promissory note, of which the following is a copy:

"Oct. 26, 1872. Ten months after date, we promise to pay to the order of James K. Pressler the sum of one hundred and forty dollars, value received, without any relief from valuation or appraisement laws, with ten per cent. interest after maturity.

(Signed.)    "ELIHU TURNER,

       "WILLIAM H. EWING."

The complaint alleged that the note was due and unpaid, and judgment was demanded for five hundred dollars.

The appellees jointly answered the complaint and said, in substance, that they admitted the execution of the note sued on, and they alleged, that on the 20th day of April, 1874, the appellant sued the appellees, on said note, before justice of the peace Lindsey N. Hollowell, Esq., in Polk township, of Huntington county, Indiana, both appellees being within his jurisdiction, and on the 27th day of April, 1874, appellant obtained a judgment on said note, before said justice of the peace, for one hundred and forty-eight dollars and thirty-six cents, and costs, and that neither of the appellees appealed therefrom; and that said judgment was still unsatisfied; and a copy of said judgment was filed with and made part of said answer; wherefore appellees prayed judgment for costs.

And the appellee William H. Ewing separately answered the complaint and said, in substance, that he admitted his execution of the note sued on, but said that he was only surety on said note for his co-appellee; that the appellant released said appellee Ewing from all liability on said note, and took a separate judgment thereon, against his co-appellee, Turner, on the 27th day of April, 1874, before Lindsey N. Hollowell, Esq., justice of the peace, for one hundred and forty-eight dollars and thirty-six cents, and that, at the same time of the suing of said note, the appellee Ewing was within the jurisdiction of said justice; and that said note was there filed, and merged into said judgment, and cancelled; wherefore he prayed judgment for costs.

2. The appellee William H. Ewing, for a second paragraph of his separate answer, admitted his execution of the note sued on, and alleged that he was only the surety of his co-appellee, Turner, on said note; and said Ewing prayed judgment, that execution be first levied of the property of said Turner, before any levy was made on said Ewing's property.

Appellant replied to the joint and separate answers of the appellees, and said, in substance, that he admitted that the note sued on in this action was the same note set out in the justice's judgment, a transcript of which was filed with appellees' answers; and the appellant averred, that he commenced suit against both appellees, that a summons was issued for both appellees by the justice, who placed said summons in the hands of a constable of said township, who witnessed [returned?] the same endorsed, "served by reading, April 23d, 1874;" that appellant, believing that both appellees had been served, proceeded to and did take judgment by default against both appellees; that he was never informed as to the want of service in fact as to the appellee Ewing, until about sixty days had elapsed from the rendition of said judgment; that appellant admitted, that appellee Ewing was

security, but he averred that at the time of the rendition of said judgment, and for a long time before, and ever since, the appellee Turner was and had been wholly insolvent; that, as soon as appellant was informed that said judgment had been rendered without service on the appellee Ewing, appellant abandoned said judgment, and had ever since treated the same as a nullity; that appellant had not made, nor was he then making, any effort to enforce or collect said judgment, and he offered to have the same declared null and void; that appellee Ewing was estopped from pleading the validity of said judgment, for the reason that he threatened to bring suit against appellant and the constable, in whose hands appellant had placed an execution duly issued on said judgment, and who had demanded money or property of said Ewing to satisfy said execution, if he, the constable, made any levy by virtue of said execution, alleging that said judgment had been rendered without service on him, said Ewing; and that this assertion of said Ewing to said constable was the first information or knowledge the appellant had, that the summons had not been regularly served on said appellee Ewing; wherefore the appellant said, that said judgment was null and void and of no effect.

To the appellant's reply the appellees jointly demurred, for the alleged insufficiency of the facts therein to constitute a reply to appellees' answer, which demurrer was sustained by the court below, and to this decision the appellant excepted. And, the appellant having refused to plead further, judgment was rendered upon the demurrer, in favor of the appellees and against the appellant.

The only alleged error of the court below, assigned by the appellant in this court, is, the sustaining of the appellees' demurrer to his reply to their answers.

In our opinion, this action against the appellees is a mistake on the part of the appellant. The first paragraph of the appellees' answer, or rather their only joint answer, is a complete bar to this action. For the aver-

ments of this joint answer show clearly and conclusively, that the note sued on in this action, before the commencement of this suit, was merged in the judgment set out in said answer. It is admitted in said answer, that both the appellees were within the jurisdiction of the justice of the peace of Huntington county, in this State, who rendered said judgment. And it appears from the transcript of said judgment, which was filed with and made part of said answer, that the justice issued a summons, in the suit before him, for both the appellees, which summons was returned by the proper constable " served by reading" more than three days before the rendition of said judgment. This joint answer, therefore, set up the judgment of a justice, who had jurisdiction both of the subject-matter and of the persons of the appellees, on the note now in suit, as a former recovery thereon, in bar of the present action. This judgment was certainly a merger of the note in question. Not only so, but the judgment, while it remains in force, is valid, binding and conclusive, and may be enforced, by execution, against each and both of the appellees, and certainly it can not be impeached or attacked by either of them in any collateral proceeding. " The court of a justice of the peace is a court of record," in this State. *Hooker* v. *The State, ex rel.,* etc., 7 Blackf. 272. Of a judgment of a justice of the peace in this State, it has been held by this court, that " It is conclusive evidence of the facts set forth in it, and if conclusive, then no evidence can be given to contradict or impeach it. If the finding and judgment can not be contradicted in evidence, neither can it [they?] be in pleading. Whilst it remains a matter of record and conclusive evidence, facts stated in it can not be controverted." *Larr* v. *The State, ex rel.,* etc., 45 Ind. 364. We have said thus much on this subject, not because it was pertinent to the questions presented by the error assigned in this cause, but for the reason that it seems to us, from the entire record, that both the appellant and the appellees misapprehended the force and effect of the justice's

judgment, set out in appellees' joint answer. Unless and until that judgment is set aside, it is valid, binding and conclusive on all the parties to this suit, and it may be enforced by final process, like any other personal judgment.

The appellee Elihu Turner separately demurred to the appellant's reply, upon the ground that it did not state facts sufficient to constitute a reply to said Turner's answer, which demurrer was also sustained, and appellant excepted.

In our opinion, the appellees' demurrers to the reply were properly sustained. The reply was evidently based upon the appellant's mistaken idea that his judgment against the appellee Ewing, before the justice, was invalid and void; whereas, as we have seen, the judgment in question was valid and binding against both the appellees. The reply was, therefore, clearly insufficient.

The separate answer of the appellee Ewing was clearly bad, as it was merely an attempt on his part to contradict the force and effect of the justice's judgment, which could not be done in this action. But the joint answer of both the appellees was a complete defence to this action.

In our opinion, no error was committed by the court below, in sustaining the appellees' demurrers to appellant's reply.

The judgment is affirmed, at appellant's costs.