## TUCKER ET AL. *v.* GARDINER.

PROMISSORY NOTE.—*Action before Justice of the Peace.—Practice.—Pleading.—Supreme Court.*—On appeal to the Supreme Court, in an action on a promissory note, commenced before a justice of the peace, wherein the note itself was the only cause of action filed, the record contained copies of the note only as they were set out in the justice's transcript and the bill of exceptions containing the evidence.

*Held,* that an objection, that no cause of action was on file in the circuit court, can not be made for the first time in the Supreme Court.

SAME.—*Failure of Justice to Transmit Note.—Motion to Dismiss Action.*— Where, on appeal of such action to the circuit court, the justice fails to transmit the note with the transcript, the proper practice for the defendant is to move to dismiss the suit for want of a cause of action.

SAME.—*Cause of Action.*—The note itself is a sufficient cause of action in such a suit.

SUPREME COURT.—*Weight of Evidence.*—The Supreme Court will not disturb a finding on the mere weight of evidence.

From the Union Circuit Court.

*L. H. Stanford, J. E. Tucker* and *C. L. Seward,* for appellants.

*J. Yaryan* and *J. L. Yaryan,* for appellee.

HOWK, C. J.—The appellee sued the appellants, in this action, before a justice of the peace of Union county.

The only complaint or cause of action filed before the justice by the appellee was a promissory note, of which the following is a copy:

" COLLEGE CORNER, April 20th, 1866.

" One year after date I promise to pay to the order of

J. F. Gardiner forty-five dollars and fifty cents ($45.50), value received.          (Signed,)·          J. O. TUCKER;
                                        " J. E. TUCKER."

Before the justice, there was a finding and judgment for the appellee, and an appeal therefrom to the circuit court.

The cause was tried by the court without a jury, and a finding was made for the appellee, for the amount due on said note. The appellants' motion for a new trial was overruled, and to this ruling they excepted. Judgment was then rendered by the court, on its finding, from which judgment this appeal is now prosecuted.

In this court the appellants have assigned the following alleged errors:

1. That it did not appear, that any complaint had ever been filed in this action, either before the justice or in the circuit court;

2. That the complaint did not state facts sufficient to constitute a cause of action;

3. That the court erred in overruling their motion for a new trial; and,

4. That the court erred in refusing to grant a new trial.

The record fails to show, that the appellants made any objection, either before the justice or in the circuit court, to the want of any complaint or to the insufficiency of the appellee's cause of action; but these objections are made for the first time, in this court. A certified transcript of the proceedings in this action before the justice is set out in the record; and in this certified transcript there appeared a copy of the note in suit. The note itself was not elsewhere set out in the record, save in the bill of exceptions containing the evidence adduced upon the trial in the circuit court. From this state of the record, the appellants' counsel claim, as we understand them, that we must assume there was no complaint or cause of action on

file in the circuit court; for, if there had been, the clerk of that court, in the discharge of his duty, would have set it out in the record. We think that this position of counsel is not well taken. If, in fact, the note in suit had not been transmitted by the justice, as the law required, to the circuit court, and the appellants wished to derive any benefit from the omission of the justice to send up the note with his transcript, the appellants should have moved the circuit court to dismiss the suit for the want of a cause of action. Not having done so, we must presume that the objection, if it in fact existed, was waived by the appellants, and that the suit was tried, as it might have been, upon the copy of the note in the justice's transcript. This would not be a violent presumption, when nothing to the contrary was shown by the record, as in this case.

In section 35 of the act defining the jurisdiction, powers and duties of justices of the peace in civil cases, approved June 9th, 1852, it is provided, that, in all suits commenced by summons, the plaintiff might file with the justice "the written instrument which is the foundation of his suit." 2 R. S. 1876, p. 614. In suits upon promissory notes before justices of the peace, whether by the payee or the assignee thereof, the note itself has always been regarded, in this State, as a sufficient statement of the plaintiff's cause of action. *Barnett* v. *Juday*, 38 Ind. 86.

It is earnestly insisted by the appellants' counsel, that the court below erred, in overruling their motion for a new trial. The causes assigned for such new trial were, that the finding of the court was contrary to law, and that it was not sustained by sufficient evidence. On the trial, the appellee gave in evidence the note in suit, and rested. The appellant James O. Tucker testified that he was not indebted to the appellee, at the time he signed the note. The appellant Joseph E. Tucker also testified that he was not indebted to the appellee, when he signed the note, and

that it was given without any consideration; that it was given for a balance on another note, held at the time by the appellee, as the attorney of certain parties in Cincinnati, Ohio, upon the surrender thereof, against said James O. Tucker; and that the note in suit was never to be paid, unless his clients in Cincinnati refused to accept of a certain sum then paid, by way of compromise of the original note. These statements of the appellant Joseph E. Tucker, as a witness, were either contradicted or explained by the deposition in rebuttal of the appellee.

This was all the evidence on the trial, and we can not say therefrom, that the finding of the court was contrary to law, or that it was not sustained by sufficient evidence.

No error was committed, in our opinion, in refusing the appellants a new trial.

The judgment is affirmed, at the appellants' costs.