## BALDWIN ET AL. *v.* WEBSTER.

PROMISSORY NOTE — *Complaint before Justice.*—In an action originating before a justice of the peace, on a promissory note, the note alone is a sufficient cause of action.

SAME.—*Jurisdiction of Action.*—A justice of the peace has jurisdiction of an action on a promissory note calling for less than two hundred dollars.

SAME.—*Jurisdiction of Defendant.*—*Copy of Summons.*—*Record.*—The record on appeal to the Supreme Court, in an action originating in a justice's court, showed the issuing of summons, and the service thereof on the defendant, by a constable, more than three days before trial, but contained no copy of the summons. It also showed a judgment by the justice, by default, an appeal to the circuit court and the appearance there of the defendant.

*Held,* that the record shows jurisdiction over the defendant.

PRINCIPAL AND SURETY.—*Supreme Court.*—*Process.*—The rendition of judgment without process, in favor of a surety, against the principal, in an action by the creditor against both, under sec. 674, 2 R. S. 1876, p. 277, is not ground for an assignment of error in the Supreme Court, by the defendants, against the plaintiff, but will reverse the judgment, as between the defendants.

SAME.—*Excessive Damages.*—*New Trial.*—*Assignment of Error.*—Excessive damages is cause for a new trial, but can not be assigned as error.

From the Grant Circuit Court.

*G. T. B. Carr,* for appellants.

*J. Brownlee* and *H. Brownlee,* for appellee.

HOWK, C. J.—In this case, the appellee sued the appellants, before a justice of the peace of Grant county, upon a promissory note, of which the following is a copy:

"MARION, IND., May 3d, 1877.

"On or before Dec. 25th, 1877, we promise to pay W. C. Webster, or order, one hundred thirty-six and $\frac{29}{100}$ dollars, with interest at ten per cent. per annum from date, and with attorney's fees, value received, without any relief from valuation or appraisement laws.

(Signed,)    "L. D. BALDWIN.
               "WM. BALDWIN."

Before the justice, the appellee obtained a judgment by

default, against the appellants, from which they appealed to the circuit court. The appellant William Baldwin filed an answer admitting the execution of the note in suit, but alleging that he signed the same as the surety of his co-appellant, Lancaster D. Baldwin, and asking that the record show that fact, and that the property of said Lancaster D. Baldwin be first levied upon. On this answer, the said Lancaster D. Baldwin was called and made default, and, the cause having been submitted to the court on said answer and default, the finding of the court was that the appellants were indebted to the appellee in the sum of one hundred and sixty-four dollars and twenty-one cents, without relief, etc., and with ten per cent. interest. The court rendered judgment upon and in accordance with its finding; and having further found that the appellant William Baldwin was the surety of his coappellant on the note sued on, the court ordered that, on execution issued on said judgment, the property of said Lancaster D. Baldwin should be first levied on and exhausted, before any levy should be made on the property of said William Baldwin.

The appellants did not, nor did either of them, move the court for a new trial of this cause ; nor did they, or either of them, object or except below to either the form or substance of any of the proceedings or judgment in this action. They prayed no appeal to this court from the judgment at the time it was rendered ; but two months afterward they took their appeal therefrom, by procuring a certified transcript of the record, and filing the same in the office of the clerk of this court.

On the record of this cause, the appellants have jointly assigned the following alleged errors :

" 1. The complaint is insufficient to entitle the appellee to a judgment ;

" 2. The complaint did and does not state facts sufficient to constitute a cause of action ;

" 3. The justice's court had no jurisdiction, and the circuit court acquired none ;

" 4. There is no summons nor return in the record, and the court erred in taking jurisdiction, without the appellants being properly in court ;

" 5. The court erred in trying the question of suretyship between the appellants, without process, and no appearance on the part of Lancaster D. Baldwin ;

" 6. The court erred in assessing the amount of recovery, assessing same too large."

The first and second of these alleged errors may be properly considered together, as they each call in question the sufficiency of the appellee's cause of action. These errors are not well assigned, because, as we have seen, the case originated before a justice of the peace. In a suit upon a note, in a justice's court, the note itself has always been regarded, in this State, as a sufficient statement of the plaintiff's cause of action. *Barnett* v. *Juday*, 38 Ind. 86 ; *Tucker* v. *Gardiner*, 63 Ind. 299.

The justice's transcript, which is properly in. the record, shows that the summons issued for the appellants, on the appellee's complaint, was personally served by reading, on each of them, three days before the day on which the cause was tried by the justice. This service was certainly sufficient to give the justice jurisdiction of the persons of the appellants, and the amount due on the note in suit, and demanded by the appellee, was under two hundred dollars and was clearly within the justice's jurisdiction. The record also shows that the appellants joined in the appeal from the judgment of the justice to the circuit court, and by this appeal the court acquired jurisdiction of the cause, and the appellants were properly in court. In such a case it was not necessary that a copy of the summons issued by the justice should be set out in the record. A copy of the constable's return of the summons,

showing the service thereof on the appellants, is in the record, and this is all that is required or necessary in such a case.

The fifth alleged error complains of a matter which did not concern the appellee, and could not, under the law, " affect the proceedings of the plaintiff," the appellee. 2 R. S. 1876, p. 277, sec. 674. Doubtless, it was error in the court to call and default the appellant Lancaster D. Baldwin, upon the answer, or rather the complaint against him, of his co-appellant William Baldwin, alleging that the latter was the surety of the former, in the note in suit, until the said Lancaster had appeared thereto, or had been duly notified by summons of the pendency of such complaint, and of the time and place of hearing such complaint. This point was settled, and we think correctly so, in the case of *Joyce* v. *Whitney*, 57 Ind. 550, wherein it was said, that " it will not do to say, that, on a summons issued and served in an action on the contract, upon the filing of a complaint by one of the defendants as surety in such con-tract, the other defendants can at once be defaulted as to such complaint, without any notice whatever thereof." In the case at bar, both the appellants, who alone have any in-terest in the question under consideration, have concurred in saying, in their joint assignment of errors, that " the court erred in trying the question of suretyship between the appel-lants, without process, and no appearance on the part of Lancaster D. Baldwin." That is our opinion ; and, as be-tween the appellants, we think this error is well assigned. But, as we have already said, this error can not, in any manner, affect the proceedings and judgment of the appel-lee.

The sixth alleged error, that " the court erred in as-sessing the amount of recovery, assessing same too large," is purely and simply a cause for a new trial. It is settled by the decisions of this court, that a cause for a new trial

can not be assigned, in this court, as an original and independent error; and, when thus assigned, it will present no question for our decision. *Freeze* v. *DePuy*, 57 Ind. 188; *Wiley* v. *Barclay*, 58 Ind. 577; and *Walls* v. *The Anderson, etc., R. R. Co.*, 60 Ind. 56.

We have now disposed of all the supposed errors assigned by the appellants on the record of this cause, and our conclusion is, that no error has been properly saved in the record, for or on account of which the appellee's judgment against the appellants can or ought to be reversed.

The appellee's judgment is affirmed, at the appellants' costs; but the finding and order of the court below, upon the answer or complaint of the appellant William Baldwin, are reversed, at his costs, and that branch of the case is remanded, with instructions to issue process for said Lancaster D. Baldwin to answer the complaint of his co-appellant, and for further proceedings thereon.

Petition for a rehearing overruled.