Hume *et al. v.* Conduitt *et al.*

———◆◆◆———

No. 7728.

HUME ET AL. *v.* CONDUITT ET AL.

JUDGMENT.—*Jurisdiction.—Injunction.—Pleading.—Demurrer.*—A complaint seeking an injunction against the enforcement of a judgment taken by default before a justice of the peace, alleging that there was no

Hume *et al. v.* Conduitt *et al. ·*

service of summons, but that the justice had made the docket entry "March 30th, 1874, summons returned served by reading," signed by the constable, is insufficient on demurrer, the record in such case affirmatively showing that the justice had jurisdiction.

SAME.—*Summons.—Presumption.*—Such docket entry means, that the constable on the day named made the return, and not that he had served the writ on that day, the presumption being that the justice had issued the summons, and that the constable had duly served it, more than three days prior to that day; and such return concludes defendants from averring that there was no service.

SAME.—*Record.*—In actions commenced before a justice, it is not necessary to copy the summons in the record.

SAME.—*Jurisdiction.—Collateral Attack.*—The determination of the sufficiency of such service by the justice is a fact essential to jurisdiction, and his decision thereon can not be collaterally attacked.

SAME.—A merely erroneous judgment can not be collaterally attacked, nor its collection restrained by injunction.

EXECUTION.—*Parties Plaintiffs.—Mistake.*—A mistake in reciting the names of parties plaintiffs can not destroy the force of an execution in a case where the judgment is plainly described, and full information of all material matters imparted by the execution.

From the Hendricks Circuit Court.

*W. A. McKenzie,* for appellants.

*L. M. Campbell,* for appellees.

ELLIOTT, C. J.—It is alleged in the appellants' complaint that Lavina Hume, as surety, and Oliver E. Hume, as principal, executed to Conduitt, Cook & Co. their promissory note ; that, at the time said note was executed and continuously since, the said Lavina was and has been a married woman ; that an action was commenced on said note before a justice of the peace ; that the said justice, notwithstanding the fact that no summons had been served on the appellants, or either of them, made the following entry upon his docket : "March 30th, 1874, summons returned served by reading ; John Richardson, const. ;" and that the justice afterward entered a default and rendered judgment against both the appellants. Oliver E. Hume does not claim to have had any defence to the note, but Lavina Hume claims that she could have successfully interposed the defence of coverture. It

further appears that on the 31st day of December, 1878, Oliver E. Hume claimed all property owned by him as exempt from execution, and that he enforced this claim. It is also shown that, after the said Oliver had made good his claim for exemption, a transcript was duly certified and filed in the clerk's office, and execution issued thereon, and levied on the real estate of the appellant Lavina Hume. The prayer is for an injunction restraining the enforcement of the aforesaid judgment against the said Lavina. .

There is no charge of fraud in obtaining or entering judgment made against either the parties or the officers; nor is there any charge that summons was not issued, nor is it alleged that return of service was not made. The claim is that there was in fact no service of summons upon either of the appellants.

The court sustained appellees' demurrer to appellants' complaint, and upon this ruling error is assigned. Appellants insist that, as no process was served upon them, the justice had no jurisdiction, and the judgment rendered by him was void. This position is not tenable. The record affirmatively shows jurisdiction, for it shows that process was issued and served. It is true that the complaint avers that no summons was served, but this averment avails nothing against the statement in the record and in the officer's return, that process was served. The return of the officer, that process was served, concludes appellants from averring that there was no service. *Fry* v. *Gallaspie*, 61 Ind. 478; *Splahn* v. *Gillespie*, 48 Ind. 397; *Larr* v. *The State, ex rel.*, 45 Ind. 364; *The State* v. *Davis*, 73 Ind. 359.

It is contended that the record shows that the return of the constable was insufficient to confer jurisdiction of the persons of the appellants. The complaint does not, however, show what the return of the constable was. It simply copies the justice's statement that, "March 30th, 1874, summons returned served by reading." This is not equivalent to an.

averment that the summons was served on the 30th day of March, 1874. The fair and reasonable interpretation of this statement is, that, on that day, the constable made his return, not that he had served the writ on that day. March 30th, 1874, was the day set for trial, and the presumption is, that the justice had issued the summons, and that the constable had duly served it, more than three days prior to the day appointed for the trial of the cause. There is nothing in the complaint to rebut this presumption. Upon the contrary, it is supported, for it appears that summons was issued more than three days before the day appointed for the trial. There is no merit in the appellants' argument, that the record of the justice must affirmatively set forth the summons and return. It does appear that summons was issued and that it was served. In *Taylor* v. *McClure*, 28 Ind. 39, it was said: "But it is insisted by the appellants' counsel that as the judgment was rendered by default, the summons and the officer's return thereto should have been copied at length on the justice's docket, and that the transcript should contain them. We do not think so." *Baldwin* v. *Webster*, 68 Ind. 133.

The complaint of appellants affirmatively shows that a summons was issued ; that it was returned by the officer as served. If it were conceded that the service was defective in not stating that the service was by reading to the defendants, yet there was a service and return, and it was, therefore, necessary for the justice to pass upon the sufficiency of this service. In deciding upon the sufficiency of the service of the writ, the justice determined a fact essential to jurisdiction, and this decision can not be overthrown upon a collateral attack. *Mullikin* v. *The City of Bloomington*, 72 Ind. 161 ; *Porter* v. *Stout*, 73 Ind. 3 ; *The Board, etc.*, v. *Hall*, 70 Ind. 469 ; *Miller* v. *Porter*, 71 Ind. 521. There is a clear distinction between cases where there is some service of process, although defective and irregular, and those in which

there is no service whatever. *McAlpine* v. *Sweetser, ante,* p. 78 ; *Muncey* v. *Joest,* 74 Ind. 409 ; *Glover* v. *Holman,* 3 Heisk. 519 ; *West* v. *Williamson,* 1 Swan, 277 ; *Hendrick* v. *Whittemore,* 105 Mass. 23. Where there is service, although insufficient, the judgment is not void, but may be erroneous. *Helphenstine* v. *The Vincennes National Bank,* 65 Ind. 582 ; *Pressler* v. *Turner,* 57 Ind. 56 ; Freeman Judgments, sec. 126.

The judgment of the justice against which appellants seek relief was not void. A judgment which is erroneous may be, in a proper case, set aside in a direct proceeding, but it will repel all merely collateral attacks. As much as can be said, even upon appellants' assumption, against the judgment here assailed, and that is perhaps too much to say, is, that it was erroneous. Such a judgment can not be rendered unavailing by an injunction restraining its enforcement.

It is urged that the execution issued upon the transcript is void because it is issued in the name of five plaintiffs when there were only four. The judgment upon which the execution is based is fully identified, and it clearly shows who were the real parties plaintiffs, and the appellants were not harmed by the error in adding a name. The mistake in reciting the names of the parties plaintiffs can not be allowed to destroy the force of an execution in a case where the judgment is plainly described, and full and exact information of all material matters imparted by the execution. In the present case, four persons are correctly named as the plaintiffs, but an additional name is erroneously inserted. This error could not have prejudiced the rights of anybody.

Judgment affirmed.