Reed *v.* Whitton.

---

No. 8619.

REED *v.* WHITTON.

JUSTICE OF THE PEACE.—*Entry of Judgment.*—*Copy of Cause of Action.*—Under section 18 of the act of June 9th, 1852, defining the jurisdiction, powers and duties of justices of the peace in civil cases (section 1437, R. S.

1881), it is the duty of a justice to enter of record, in his docket, among other things, " a copy of the cause of action ; " but his omission or failure to so copy the cause of action will not vitiate or avoid the judgment rendered thereon.

SAME.—*Summons and its Service.*—It is not necessary that the justice should copy the summons in the record of his judgment; a copy of the constable's return or a memorandum, showing service of the summons on the defendant, will be sufficient.

SAME.—*Judgment, Conclusive Evidence.*—*Collateral Attack.*—The judgment of a justice of the peace is conclusive evidence of the facts set forth therein ; and it can not be attacked collaterally, or contradicted or impeached either by evidence or in pleading.

SAME.—*Evidence.*—The record of a justice's judgment and the pleadings and mesne or final process in the cause, when produced and properly identified, are competent evidence.

From the Benton Circuit Court.

*M. H. Walker, D. Smith, J. H. Phares* and *W. M. Jones,* for appellant.

*J. C. Pearson,* for appellee.

HOWK, J.—In this action, the appellee sued to recover the possession of " one sorrel horse," whereof he alleged that he was the owner and entitled to the possession, and that the appellant had possession thereof, without right, and unlawfully detained the same from the appellee. Wherefore, etc.

The appellant answered by a general denial of the complaint.

The issues joined were tried by a jury, and a verdict was returned for the appellee ; that he was the owner and entitled to the possession of the horse described in his complaint, of the value of $50 ; that said horse was unlawfully detained by the appellant, and that, by reason of such detention, the appellee had sustained damages in the sum of one cent. Over the appellant's motion for a new trial, and his exception saved, the court rendered judgment for appellee on the verdict.

In this court, the only error assigned by the appellant is the decision of the circuit court in overruling his motion for a new trial.

The appellant claimed to be the owner of the horse in controversy, as the purchaser thereof at a constable's sale. In

support of his claim, the appellant offered in evidence the record of a judgment rendered by a justice of the peace of Benton county, on the 8th day of March, 1879, in favor of Hattie B. and Henry G. Ellsworth and Alexander Reed, and against the said Robert Whitton. When this judgment was so offered in evidence, the bill of exceptions shows that the appellee objected to its admission, "for the reason that the record of the judgment does not contain a copy of the complaint, upon which the judgment is rendered, and because the record does not show that defendant was served with legal process, and because it is incompetent, irrelevant and void." This objection was sustained by the court, and to this ruling the appellant excepted.

Did the trial court err in this ruling? Was the judgment, so offered in evidence, absolutely void and of no effect, by reason of the fact that the justice of the peace, before whom the cause had been tried, had omitted, by oversight or otherwise, to record, in his docket, a copy of the plaintiff's complaint or cause of action? In section 18 of the act of June 9th, 1852, defining the jurisdiction, powers and duties of justices of the peace in civil cases, it is provided that "Every justice shall, in a substantial bound book of not less than two hundred pages, keep a docket, in which he shall record the proceedings in full, of all suits instituted before him, which record shall contain the names of the parties at full length, a copy of the cause of action and of the set-off of the defendant, if any, and all proceedings had therein, and the amount of the judgment written out in words; and every such record of each cause shall, when completed, be signed by such justice, and the cause noted in a proper index to be contained in such docket; and every clerk when he shall deliver to any justice his commission shall direct his attention to this section." 2 R. S. 1876, p. 608; Rev. Stat. 1881, sec. 1437.

On behalf of the appellee it is claimed that these statutory provisions are mandatory and not merely directory, and that, inasmuch as the judgment of the justice, offered in evidence in

this case, did not contain "a copy of the cause of action" or plaintiff's complaint, it was void and incompetent evidence for any purpose. We are of the opinion that these positions can not be maintained. In *The Indianapolis, etc., Railroad Co.* v. *Wilsey,* 20 Ind. 229, suit had been commenced by the appellee before a justice, and, on appeal to the circuit court, the appellant had moved to dismiss the cause, because the justice had not copied the plaintiff's cause of action on his docket, as directed by the 18th section of the justices' act, and this motion had been overruled. On appeal to this court, it was held that, in this ruling, "there was no error." It is true, that this section 18, above quoted, is mandatory in its terms; but, while we think it is the duty of every justice to comply strictly with the mandates of the statute, in the discharge of his judicial duties, yet we can not assent to the position that his omission or failure to enter up his judgments in the precise mode or form prescribed in said section will vitiate and avoid such judgments. The statute is just as imperative in its requirements, in regard to the justice's docket and his index of cases, as it is upon any other subject; and yet it would hardly be claimed, as it seems to us, that the justice's judgments, if recorded in a defectively bound book of less than two hundred pages, or, if noted in an index *not* contained in his docket, would by reason of either fact be rendered invalid and void. These statutory requirements, although mandatory in form, seem to have been intended by the law-making power as guides and directions to justices of the peace in the discharge of their judicial duties; and, therefore, we think that a substantial compliance therewith ought to be held sufficient, even on an appeal from the judgment of the justice.

In the case at bar, the justice of the peace before whom the cause had been tried was a witness, and produced and identified, before the court and jury, his docket and the record therein of the judgment offered in evidence. At the same time the justice also produced and identified the complaint on which said judgment was rendered, the summons issued

thereon by the justice for the appellee, and the constable's return of the service thereof endorsed on said writ, and the execution issued by the justice on said judgment, and the constable's return thereof showing his levy upon the horse in controversy, as the property of the appellee, and his sale thereof to the appellant, in satisfaction of said writ. These papers were severally offered in evidence by the appellant on the trial, and, on the appellee's objections thereto, were severally excluded from the jury.

The suit before the justice was commenced on March 3d, 1879, to recover the possession of certain real estate, particularly described, in Benton county, and damages for the unlawful detention thereof by said Robert Whitton, after the termination of his lease. On the same day the justice issued a summons for said Whitton to appear before him, at his office, on the 8th day of March, 1879, at 10 o'clock in the forenoon, to answer Hattie B. and Henry G. Ellsworth and Alexander Reed, in a complaint wherein they claim the sum of $25.00 damages, and the possession of the property then held by the defendant, Whitton. This summons was returned by the constable, as follows: "I served this writ to Robert Whitton, by true copy, left at the last usual place of residence, March 3d, 1879." Afterwards, on the 8th day of March, 1879, a judgment was rendered by the justice, by default, in favor of the plaintiffs and against said Whitton, for the recovery of the real estate and damages and costs. On the 24th day of March, 1879, an execution was issued by the justice on said judgment to a constable of the county, who, on the same day, levied the writ on the horse in controversy, and advertised, sold and delivered the same to the appellant, Reed. This suit for the recovery of the horse was not commenced until January 19th, 1880.

It will be observed that, when the judgment of the justice was offered in evidence, the appellee objected to its admission, on the further ground that it did not show that he was served with legal process. It was not necessary that the

record of the judgment should contain a copy of the summons issued for the defendant. In *Baldwin* v. *Webster*, 68 Ind. 133, it was held by this court that "it was not necessary that a copy of the summons issued by the justice should be set out in the record." In the case now before us, a copy of the constable's return of the summons, showing the service thereof on the appellee, Whitton, appeared in the record of the justice's judgment; "and this is all that is required or necessary in such a case." *Baldwin* v. *Webster, supra.*

But the judgment of a justice of the peace, where, as in this case, he has jurisdiction both of the subject-matter of the action and of the parties thereto, is valid, binding and conclusive, unless appealed from in the manner and within the time prescribed by law, and may be enforced by execution against the judgment defendant. Certainly, such a judgment can not be impeached or attacked in any such collateral suit or proceeding as the one now before us. "The court of a justice of the peace is a court of record" in this State. *Hooker* v. *State, ex rel.,* 7 Blackf. 272. In *Larr* v. *State, ex rel.,* 45 Ind. 364, in speaking of a judgment of a justice of the peace in this State, this court said: "It is conclusive evidence of the facts set forth in it, and if conclusive, then no evidence can be given to contradict or impeach it. If the finding and judgment can not be contradicted in evidence, neither can it [they?] be in pleading. Whilst it remains a matter of record and conclusive evidence, facts stated in it can not be controverted." So in *Pressler* v. *Turner*, 57 Ind. 56, it appeared that, in a suit before a justice on a promissory note executed by two joint makers, the justice's judgment showed upon its face that the summons issued in the case had been duly served on both makers of the note, and that a judgment by default had been accordingly rendered against both makers for the amount due on the note, which judgment was not appealed from. And, although it was afterward admitted that the summons had not in fact been served on one of the makers of the note, yet it was held by this court that the justice's judgment was bind-

ing on the parties thereto, was conclusive evidence of the facts therein recited and set forth, and could not be impeached or contradicted in a collateral suit or proceeding. *Mavity* v. *Eastridge,* 67 Ind. 211 ; *Hume* v. *Conduitt,* 76 Ind. 598.

Our conclusion is, that the trial court erred in sustaining the appellee's objections to the justice's judgment, the complaint, the summons and the return thereof, and the execution and the return endorsed thereon, when offered in evidence by the appellant, and in excluding such evidence from the jury. For these errors of law, occurring at the trial and excepted to, and assigned by the appellant as causes for a new trial, his motion therefor ought to have been sustained.

The judgment is reversed, at appellee's costs, and the cause is remanded, with instructions to sustain the motion for a new trial, and for further proceedings in accordance with this opinion.