No. 9847.

Oppenheim et al. *v.* The Pittsburgh, Cincinnati and
St. Louis Railway Company.

City.—*City Court, How Established.—Tenure of Judge.*—A resolution of the common council which directs the election of a city judge according to section 3204, R. S. 1881, brings the city under that act (sections 3204–3221), and the judge so elected holds office until his successor is elected and qualified, and no further order of the council is required directing future elections.

JUDGMENT.—*Collateral Attack.*—*Notice.*—A judgment can not be attacked collaterally for insufficient notice to a party, if it appear that there was some notice although defective.

SAME.—*Jurisdiction.*—*City Court.*—When a city court erroneously determines notice to a party to be sufficient, that determination can not be collaterally impeached.

From the Cass Circuit Court.

*J. C. McGregor,* for appellants.

*N. O. Ross,* for appellee.

ELLIOTT, J.—John C. McGregor, acting as and claiming to be the judge of the court of the city of Logansport, issued a writ of attachment at the suit of appellant Oppenheim, and in the same proceeding issued a summons against the appellee as garnishee, and on the 13th day of October, 1879, rendered judgment in appellant's favor against the appellee. This action was instituted by the latter to enjoin the enforcement of that judgment.

McGregor was elected to the office claimed by him on the 4th day of May, 1875. The resolution of the common council directing the election was passed on the 12th day of March of that year, and reads as follows: "That whereas the city of Logansport has a population of over six thousand inhabitants, it is ordered that there be elected at the election of city officers to be held on the first Tuesday in May of this year, a city judge, to hold his office for the term of four years, and until his successor shall be elected and qualified as required by section one of an act to establish courts in cities having a population of six thousand inhabitants." There was a general election of city officers in May, 1879, but no order was made or notice given for the election of a city judge at that election, nor were any votes cast for any candidate for that office.

The contention of appellee is that McGregor ceased to be an incumbent of the office in May, 1879, for the reason that the statute makes the continuance of the office dependent upon the order of the common council, and that as they had restricted the term to four years, and made no order for its

continuance or for an election in 1879, there was no such office in existence after the expiration of the term of four years. The appellants' position is: McGregor had a legal right to hold the office until a successor was elected and qualified or the resolution of March 12th, 1875, rescinded.

The general rule is that where the law creates an office, and designates the term, the person elected to fill the office will hold until his successor is elected and qualified, unless there is some express provision to the contrary. *Elam* v. *State, ex rel.,* 75 Ind. 518; *Steinback* v. *State, ex rel.,* 38 Ind. 483; *Tuley* v. *State, ex rel.,* 1 Ind. 500. Where the statute makes the continuance of the office depend upon the orders of a municipal legislature, of course this rule does not apply. The first question in this case is whether the act of 1875 does make the continuance of the office depend upon orders of the common council made as each term of office expires. The first section of that act reads thus: " Be it enacted by the General Assembly of the State of Indiana, That the legal voters of any incorporated city, having a population of over six thousand inhabitants, may, at any special election, elect a city judge, if the common council, by proper order duly entered of record, shall have so directed; such judge shall have the qualifications required for judges of the circuit court, and shall have the jurisdiction and powers as in this act is provided, and shall hold his office for the term of four years, and until his successor shall be elected and qualified."

We are unable to find anything in this statute requiring that the common council shall at the expiration of every four years adopt an order for the continuance of the city court. On the contrary, it is clear that when the court is once established it is to continue unless legally abolished. The provisions made for the duties of the judge and for the means of enforcing his judgments very plainly show that the tribunal was intended to be a permanent one. The provision in the section quoted, that the person elected shall hold until his successor is elected and qualified is strong, if not controlling,

evidence of the legislative intention to make the court, when once brought into existence, as much a permanent one as that of the mayor. There is no reason for requiring an order, establishing or continuing the court, to be made every four years, and certainly no language commanding it. We can conceive of no good purpose that would be subserved by requiring an order to continue what was at the outset properly established and in its nature continuous and enduring. It can not be reasonably supposed that the Legislature meant to require a re-creation of a tribunal which, once brought into existence, would naturally and of its own inherent strength continue in existence without the assistance of the municipal legislature.

The statute is awkwardly framed, but there is enough in it to show that the Legislature meant to make provision for the establishment of an office connected with and forming part of the governmental organization of municipal corporations of a designated class. The intention was to provide for the creation and existence of an office, not merely for the election of an officer. A court is created, and this is something more than the judge who presides in it. The court is a fixed and continuing thing, not terminating every four years unless kept in existence by an act of the municipal council. The office of judge is a distinct and different thing from the officer, and the office may endure although the officer may die or resign.

The resolution of the common council, passed under and in accordance with the statute, contemplates the establishment of a permanent office, for it provides that the person chosen to the office of judge shall hold for the term provided and until his successor shall be elected and qualified. Taking into consideration the provisions of the statute and those of the resolution, it is plain that the office of judge did not cease to exist four years after McGregor's election. The city court is a permanent department of the municipal government, and the office of its judge can not be for a period different from that of the court itself, although it may be divided into terms of four years each. It is not one term that ends the office;

that ends only with the termination of the court. The term of a judge may cease, but the court as a legal creation will continue. A vacancy in the office of judge does not put an end to the existence of the court.

The effect of the resolution of the common council was to bring the municipality they represented within the provisions of the statute. It does not attempt to do anything different. By ordering the election, the statute was made to apply to the city of Logansport, and the court came into existence under the provisions of that law. The authority conferred by the legislative act is to accept its provisions, not to make other or different ones; so that when the common council by ordering the election brought their municipality within the provisions of the statute, they brought into existence the court provided· for by the Legislature. The common council have no authority to do more than bring the city they represent within the provisions of the act, and this they do by directing an election. When this order is made, the statute governs as to the jurisdiction, character, duty and duration of the court. The order for an election establishes the court, and the court when established exists under and by virtue of the statute. We are to look to the statute, not to the resolution of the common council, for the character, powers and duties of the court. The statute is the organic law of the corporation, and is to the common council what the Constitution of the State is to the Legislature. A municipal council have as little power to change the character and duties of an office prescribed by a legislative enactment as the State Legislature to change those of an office created and defined by the Constitution of the State. The city court exists by virtue of the statute, and so, also, does the office of its judge. If the common council had undertaken to violate the paramount law, their action so far as it was a violation of that law would be void. If they had attempted to create some other court than that provided by the statute their action would have been without force. But we do not understand their resolution as making any such at-

tempt. On the contrary, the clause, "until his successor shall have been elected and qualified," plainly discloses the intention to obey the statute and bring into existence a permanent court, as it contemplates and requires. Whether they might by ordinance abrogate the office is a question not before us.

The appellee appeared in the city court, filed answer, and, without interposing any objections, suffered judgment. In this court it is contended that the notice issued to the principal defendant was insufficient, and that the entire proceedings were therefore void. The notice itself is not set out in the record, but the judgment of the city court recites that notice of the non-residence of the defendant had been published for more than thirty days before the day set for trial, and, therefore, affirmatively shows some notice. It is settled that proceedings in a court having jurisdiction of the subject-matter of the action can not be collaterally attacked, if it appear that there was some notice, although it is defective. *Muncey* v. *Joest*, 74 Ind. 409; *Hume* v. *Conduitt*, 76 Ind. 598; *McAlpine* v. *Sweetser*, 76 Ind. 78; *Stout* v. *Woods*, 79 Ind. 108.

It is not necessary for a justice of the peace to copy into the record the summons, and the same rule must apply to notice of publication or other process issued against the defendant. *Taylor* v. *McClure*, 28 Ind. 39; *Baldwin* v. *Webster*, 68 Ind. 133; *Hume* v. *Conduitt, supra.*

The decision of the city court was made upon a notice before it, and is the determination of a jurisdictional question, and can not be collaterally impeached. This rule applies to courts of justices of the peace as well as to other inferior judicial tribunals. *Reed* v. *Whitton*, 78 Ind. 579; *Pressler* v. *Turner*, 57 Ind. 56; *Mavity* v. *Eastridge*, 67 Ind. 211.

A garnishee is protected by a judgment of a court of competent jurisdiction, although there may be some error or irregularity in the proceedings. A judgment by a court not having jurisdiction would not protect him; but there was in this case full jurisdiction of the subject-matter, and a conclusive determination, as against all collateral attacks, of the question

of jurisdiction of the person of the principal defendant. The appellee is, therefore, fully protected by the judgment rendered in favor of the appellant Oppenheim.

Judgment reversed.

## ON PETITION FOR A REHEARING.

ELLIOTT, J.—The appellee insists that no question is presented upon the motion for a new trial for the reason that no exception was taken to the finding of the court upon the agreed state of facts. The whole argument upon this point proceeds on the assumption that an agreed case is the same thing as a case wherein there is an agreement as to what facts shall be taken as the evidence in the case. Section 386 of the code refers to agreed cases, and has no application to cases where there is an agreement as to the facts. The cases holding that an exception to the finding is the proper method of presenting the question of the correctness of the decision apply to agreed cases, and not to cases where the agreement is that certain facts exist and shall be taken as evidence. *Lofton* v. *Moore,* 83 Ind. 112; *Slessman* v. *Crozier,* 80 Ind. 487; *Downey* v. *Washburn,* 79 Ind. 242; *Martin* v. *Martin,* 74 Ind. 207; *Manchester* v. *Dodge,* 57 Ind. 584; *Fisher* v. *Purdue,* 48 Ind. 323; *Carlton* v. *Cummins,* 51 Ind. 478; *Western Union Tel. Co.* v. *Frank, post,* p. 480.

Some confusion has been introduced by an inadvertent misuse of the term "agreed statement of facts" where the term "agreed case" should have been used. The decision in *Thatcher* v. *Ireland,* 77 Ind. 486, must be understood as referring to an agreed case, not as referring to an agreed state of facts used as evidence. The record in this case recites that "the following agreement of facts was introduced as evidence," and shows, also, that this was an ordinary suit for injunction and not an "agreed case" under the statute.

The counsel of appellee, in his brief on the petition for a rehearing, says: "The only question in this case that admits of controversy is whether by ordering an election of city judge the

office became a permanent and continuing one without the approval of the common council," and this question we fully considered and determined in the former opinion, holding that when the city adopted the provisions of the act the court provided for by that act became a permanent and continuing one, and that the common council was not bound to go through the ceremony of readopting the provisions of the act as often as the term of office of the person elected to the office of judge expires. We think it clear that when the Legislature enacts a law providing for the establishment of a city judge, or of the office of city attorney, or street commissioner, or any office, and the municipality adopts the provisions of the law, it is adopted once for all, and that the action need not be re-affirmed as often as the terms of office expire.

Whether the council might have rescinded their action is not a question in this case, for there is no pretence that it was rescinded. The utmost that is claimed is, that there was no affirmative ordinance or resolution continuing in force the first act accepting the law enacted by the Legislature.

Nor are we dealing with the case of a direct attack upon the right of McGregor, before whom the judgment was rendered, and by whom the attachment was issued, to exercise the authority of city judge of Logansport. The case is not one against McGregor, assailing his title in behalf of the public, or on behalf of some claimant to the office; nor is it a case against him, where, in order to justify his action, he must show some right to the office claimed by him. The case is one by a citizen, who, finding McGregor in office, treated him as rightfully there, and acquired rights upon the faith of his having a right to hold it.

McGregor was elected to the office he claims; no successor was elected; there is a public act providing for the creation of such an office, and providing that one elected to fill it shall serve until the election of his successor. The appellant sued out an attachment and issued process in garnishment against the appellee; the latter appeared, submitted voluntarily, and, without objection to the jurisdiction of the court, answered

and suffered judgment. Conceding, but by no means deciding, that McGregor was not an officer *de jure,* he was, at all events, an officer *de facto,* and his acts were valid, not, perhaps, upon this concession as to himself, but certainly so as to the public and third persons. If valid as to any person in the world, they should certainly be so as to the appellee, who had, without objection, suffered appellant to acquire rights upon the faith of their validity. In *Gumberts* v. *Adams Ex. Co.,* 28 Ind. 181, the court said: "The appellee appeared before the justice and went to trial without questioning his authority. He was defeated, and then appealed from the judgment to the circuit court, and there, for the first time, set up that the person before whom the proceedings were had was not a justice of the peace. Such a defence can not avail the appellee." In *Taylor* v. *Skrine,* Treadway, 696, the court held that the acts of one claiming to be judge, and whose claim rested on an unconstitutional statute, were valid as to the public until the invalidity was authoritatively declared, and the case is expressly approved in *Creighton* v. *Piper,* 14 Ind. 182. Analogous principles are laid down in *Blackman* v. *State,* 12 Ind. 556 ; *Steinback* v. *State, ex rel.,* 38 Ind. 483 ; *Feaster* v. *Woodfill,* 23 Ind. 493 ; *Case* v. *State,* 5 Ind. 1. The case last named is infinitely stronger than the present, even if it were conceded that the failure to adopt a second resolution determined the right of McGregor to hold the office of city judge.

We think it very plain that as both the act of the Legislature and the resolution of the common council provided that the person elected to the office of judge of the city court should hold until his successor was duly elected and qualified, the incumbent of that office, elected under the resolution of March 12th, 1875, was, at the time the judicial acts complained of were done, an officer *de jure.* Either this must be so held or we must fly in the face of a long and unbroken line of decisions, ending with the carefully considered case of *Elam* v. *State, ex rel., supra.*

Petition overruled.